In the matter of Van Wyck.

---

## In the matter of the petition of VAN WYCK.

Independent of the statutory provisions on the subject, the court of chancery has no power, upon a mere petition, to discharge a trustee, or to accept his resignation and to appoint another in his place, without the consent of all persons who are, or who upon any future contingency may be, interested in the execution of the trust.

The usual course of proceeding for the purpose of changing a trustee, is by bill; to which all persons interested should be made parties, either actually or constructively.

The revised statutes have authorized the court of chancery, upon petition, to accept the resignation of a trustee and to discharge him from his trust, in certain cases. But it *seems* this statutory power does not *extend* to the case of an executor, so far as relates to his power to sue for and collect debts due to the testator; or as relates to his liability to creditors, legatees, and next of kin, on account of the personal estate which may have come to his hands.

Where a testator, by his will, created a trust as to certain distributive shares of a mixed fund, consisting of the personal estate and the proceeds of the real estate, which shares he directed his executors to invest, as trustees for certain persons, for their respective lives, and then to pay over the principal to their appointees by will, or in default of such appointment, to those who might be their heirs or next of kin at the termination of their respective life estates: *Held*, that where the duties which belonged to the executors, in their character of executors merely, had been fully discharged, and the division of the estate made, the court of chancery had the power to accept the resignation of one of such executors and to appoint another in his place, as one of the trustees to hold the funds set apart for the legatees of the testator.

*Held also*, that the court of chancery had no power to appoint an executor; and that the new or substituted trustee, in such a case, and the remaining trustees of the fund, would not thereafter hold such fund in the character of executors, but as trustees merely; and that they could not be called to account, before the surrogate, in relation to the execution of such trust.

And it *seems* if the court of chancery discharges one of several executors without appointing a new trustee in his place, the remaining executors would not be authorized to execute a power in trust to sell the testator's real estate; so as to give a good title to purchasers.

In the matter of Van Wyck.

By the revised statutes, where a power in trust is vested in several persons, all must unite in its execution. But if, previous to such execution, one or more of such persons dies, the power may be executed by the survivor or survivors.

And where the legal estate is vested in the trustees, with a direction to sell for the benefit of the trust estate, the same result is produced, by the section of the revised statutes which declares that every estate vested in executors or trustees, as such, shall be held by them in joint tenancy.

In the one case, the statute gives to the survivor the whole power in trust to sell, so as to enable him to transfer a good title to the purchaser, by the execution of the power alone. In the other, the whole legal estate is vested in the survivor; and he is thereby enabled to convey the title of the estate to the purchaser, upon a sale thereof in the discharge of his trust.

None of the provisions of the statute authorize a part of the executors, to whom a joint power is given by the testator, to execute the same, so as to transfer a good title to the purchaser, where one of those to whom such joint power was given has been discharged from his trust by the court of chancery, after he accepted the trust, and had duly qualified as executor.

The revised statutes authorize the court of chancery, in the case of a trust relating to real estate, to accept the resignation of a trustee; and to discharge him from the trust, upon his own petition; and they authorize the court to remove him from his trust, for a sufficient cause. And the statute gives the same authority to the court in relation to the acceptance of the resignation of the trustee of a power in trust, and as to his removal from the trusteeship. But the statute does not, in either case, give to the remaining trustees authority to execute the trust alone; as they would have the right to do if the trustee so discharged, or removed, had died, or had never accepted the trust.

And if the person creating the trust has not authorized the trust, or the power in trust to be executed by a part of the trustees, the court of chancery must appoint a new trustee in the place of the one who has resigned or been removed, to join with the others in the execution of such trust, or power in trust; in order to give a valid title to a purchaser.

By the common law, an order or decree of the court of chancery did not have the effect to transfer the legal title to land or real estate. But the court exercised its jurisdiction, in the case of trusts, by compelling the holder of the legal estate, or of a power in trust by which such legal estate could be conveyed, to convey the legal title pursuant to the directions of the decree. And such is still the effect of the orders and decrees of the court, except so far as the provisions of the revised statutes have given to them the effect of a legal transfer, or the effect of authorizing a transfer in a mode not sanctioned by the common law.

THIS was an application by one of the three executors named in the will and codicils of J. Van Wyck, deceased, to be discharged from his trust, and to leave the trust to be executed by the remaining executors. The testator gave certain portions of his real estate to some of his children, at specified prices, as a

part of their shares of his estate.  And he directed his executors to sell the residue of his real and personal property, at the expiration of two years, or as soon thereafter as could conveniently be done, and to convert the same into money, and securities for money, for the benefit of his legatees.   Some of the legacies were payable absolutely, to the legatees or their guardians.   Others were to be held in trust for legatees for life; so that such legatees might receive the interest or income thereof, for their separate use for life, with power to dispose of the capital of the legacy by will; and in default of such disposition, the same was to go to the next of kin, or heirs of the legatees, according to the statute of distributions of this state.   All the cestuis que trust, or persons interested in the estate as legatees, who are in esse and adults at the time of presenting the petition, assented to the prayer thereof.   But some of the legatees were infants; and the interests of others who might eventually be entitled to share in the fund, could not be ascertained during the lives of those who were only to have life estates in their respective legacies.

U. *Cole*, for the petitioner.

THE CHANCELLOR.   I infer from the petition in this case, that the executors have not had a final settlement of their accounts, before the surrogate, as to the personal estate of the decedent.  And it distinctly appears that they have not, to any considerable extent, executed the power in trust contained in the will, to sell the real estate or to convert it into money, or securities for money, for the purposes of distribution.   It is therefore very doubtful whether the duties which belong to the executors, in their common law character of executors, and those which devolve upon them strictly as trustees, or as powers in trust, can be separated by this court so as to enable this court to make any order, upon this petition, which will either discharge the future liability of the petitioner, or authorize the other executors to proceed and execute their duties without his concurrence.

Independent of any statutory provisions on the subject, this court has no power, upon a mere petition, to discharge a trus-

tee, or to accept his resignation and to appoint another in his place, without the consent of all persons who now are, or who upon any future contingency may be interested in the execution of the trust. The usual course of proceeding for the purpose of changing a trustee, is by bill, to which bill all persons interested are either actually or constructively made parties. The revised statutes have authorized this court, upon petition, to accept the resignation of a trustee and to discharge him from his trust in certain cases. (1 *R. S.* 730, § 69.) But it is at least doubtful whether this statutory power extends to the case of an executor, so far as relates to his power to sue for and collect debts due to the testator; or as relates to his liability to creditors, legatees, and next of kin, on account of the personal estate which may have come to his hands. Here there is an actual trust as to certain shares of the mixed fund, consisting of the personal estate and the proceeds of the real estate; which by the will and codicils are to be invested by the executors as trustees for certain persons for life, and then to pay over the principal to their appointees by will, or in default of such appointment, to those who may be their heirs or next of kin, at the termination of their life estates. And if the duties which belong strictly to the petitioner and his associates in their character of executors had been fully discharged, and the division of the estate made, I think this court would be authorized, under this provision of the revised statutes, to accept the resignation of the petitioner, and to appoint another in his place, as one of the trustees, to hold the funds which the testator has set apart as trust funds for the respective legatees. This court, however, has no power to appoint an executor. The new, or substituted trustee in that case, therefore, in conjunction with the remaining trustees of the fund, would no longer hold it in the character of executors, but as trustees merely; and they could not be called to account before the surrogate in relation to the execution of the trust.

Again; the discharge of the petitioner, without appointing a new trustee in his place, would render it doubtful whether the remaining executors could execute the power in trust to sell the testator's real estate, so as to give a good title to purchasers. By

In the matter of Van Wyck.

the revised statutes, where a power in trust is vested in several persons, all must unite in its execution; but if previous to such execution one or more of such persons should die, the power may be executed by the survivor, or survivors. (1 *R. S.* 735, § 112.) The same result is produced, where the legal estate is vested in the trustees, with a direction to sell for the benefit of the trust estate, by that section of the revised statutes which declares that every estate vested in executors or trustees as such, shall be held by them in joint tenancy. (*Idem*, 627, § 44.) In the one case, the statute gives to the survivor the whole power in trust to sell, so as to enable him to transfer a good title to the purchaser by the execution of the power alone; and in the other, the whole legal estate is vested in the survivor, and he is thereby enabled to convey such estate upon a sale thereof in the discharge of the trust. Another section of the revised statutes provides for the case of a power to sell, given jointly to two or more executors, and where one of them refuses to accept the trust, or to take out letters testamentary upon the estate of the decedent. There the statute declares that a sale by such of the executors as shall take upon themselves the execution of the will, shall be equally valid as if the other executors had joined in such sale. (2 *R. S.* 109, § 55.) None of these provisions, however, extend to the case under consideration; or authorize a part of the executors to whom a joint power is given, to execute the same so as to transfer a good title to the purchaser, where one of those to whom such joint power was given by the testator has been discharged from his trust by this court, after he had accepted the trust and has duly qualified as executor.

The article of the revised statutes relative to uses and trusts, it is true, expressly authorizes this court, in the case of a trust relating to real estate, to accept the resignation of a trustee, and discharge him from the trust upon his own petition; and also to remove him from his trust for a sufficient cause, upon the petition of any person interested in the execution of the trust, as well as upon a bill filed for that purpose. (1 *R. S.* 730, § 69, 70.) And the 120th section of the article relative to powers, (*Idem*, 735,) gives the same authority to the court in relation to

the acceptance of the resignation of the trustee of a power in trust, and as to his removal from the trusteeship. In neither case, however, does the statute give to the remaining trustees authority to execute the trust alone, in the same manner as if the trustee so discharged or removed was dead, or had never accepted the trust. If the person creating the trust, therefore, has not authorized the execution of the trust, or of the power in trust, by a part of the trustees only, I apprehend, the court must exercise the power given by the first clause of the seventy-first section of the article relative to uses and trusts; (*Idem*, 731;) and must appoint a new trustee in the place of the one who has resigned or been removed, to join with the others in the execution of such trust, or power in trust, in order to give a valid title to a purchaser. By the common law, an order or decree of the court of chancery did not have the effect to transfer the legal title to land or real estate. But the court exercised its jurisdiction, in the case of trusts, by compelling the holder of the legal estate, or of a power in trust by which such legal estate could be conveyed, to convey the legal title pursuant to the directions of the decree. Such must continue to be the effect of its orders and decrees, except so far as the provisions of the revised statutes have given to them the effect of a legal transfer, or the effect of authorizing a transfer in a mode not sanctioned by the common law.

The discharge of the petitioner in the present case, therefore, cannot be granted consistently with the rights of those who are contingently interested in the trust. The petition must be denied.