In the matter of Wadsworth.

In the matter of WADSWORTH.

The common law has made no provision for the execution of a joint trust by one of the trustees, where the co-trustee, by reason of lunacy or other inability, becomes incompetent to execute the trust.

In such a case it is proper for the court of chancery to interfere, to remove the lunatic trustee, under the provisions of the revised statutes; so that the trusts may be executed, either by the remaining trustee, or by him and such other person as may be substituted in the place of the lunatic.

Where a single trust is created, it is not competent for the court of chancery to remove one of the trustees from a part of the trust, and to appoint another in his place, to act with the co-trustees in part only.

But where separate and distinct trusts are created by a testator, as to different portions of his property, and for the benefit of different persons, and which trusts are separate and distinct from the trusts and trust powers which are conferred upon the trustees in their character of executors, one of the trustees may decline one of the trusts attempted to be conferred upon him, and may accept another of such trusts, and may take out letters testamentary and assume the duties of an executor.

A lunatic trustee, who is also an executor, may be removed from his office of trustee

In the matter of Wadsworth.

of a special trust not connected with his executorship, without interfering with a trust conferred upon him as executor.

Whether the court of chancery has the power to remove an executor, upon a mere petition presented by some of the persons interested in the estate, and with-out the institution of a suit for that purpose? *Quære.*

The committe of a lunatic trustee, or of a lunatic executor, is entitled to notice of an application to the court to remove such trustee or executor. And if the alleged lunatic has no committee, the court will direct the application to stand over until a committee shall have been appointed.

THIS case came before the chancellor upon the petition of James S. Wadsworth and Elizabeth Wadsworth to remove W W. Wadsworth as one of the executors and trustees under the will of his father, and to appoint another trustee in his place, so far as related to the trust created for the benefit of the petitioner E. Wadsworth. The testator, after making various · specific devises and bequests of portions of his real and personal estate, devised one-fourth of his residuary real estate to his two sons J. S. Wadsworth and W. W. Wadsworth and to his son-in-law M. Brimmer, and to their successors, as trustees of his daughter Elizabeth; in trust to receive the rents, profits and income thereof for her separate use, with remainder to her issue, if she should leave any at her death; and if she should die without issue, then to the other heirs at law, of the testator, in fee. And the trustees were authorized to lease the real estate embraced in the trust, for terms not exceeding twenty-one years, or to sell the lands and re-invest the proceeds in other lands, or in public stocks, or bonds and mortgages upon the same trusts; the cestui que trust assenting to such sales by joining in the conveyances of the lands. He also bequeathed one-fourth of his residuary personal estate to the same trustees; in trust to receive and pay over the income thereof to his daughter Elizabeth for life, with power to her to dispose of the principal thereof by will at her death, and with power to the trustees to convert it into real estate, during her lifetime; to be held by them upon the same trusts.

He devised one other fourth of his residuary real estate to the same persons, as trustees for his grandson M. Brimmer, junior, the only child of his deceased daughter, upon similar trusts

as in the case of his daughter Elizabeth ; with power to accumulate the rents, profits and income during the minority of his said grandson ; and limiting the remainder in fee in the same manner. And he bequeathed one-fourth of his residuary personal estate to them, in trust for the use of such grandson until he should arrive at the age of twenty-one, and then to pay over the capital to him.

He also appointed his two sons and his son-in-law, the executors of his will. And he directed and empowered them, or the survivor or survivors of them, to fulfil all contracts made by him for the sale of lands, and to execute conveyances to the purchasers, upon the receipt of the purchase moneys due upon such contracts. He also bequeathed to his executors $10,000 · in bank stock, in trust to receive and apply the dividends thereon, for two years, to the improvement of common schools in this state ; and after that time, either to continue the application of the dividends for that object, so long as they should think proper, or to sell the stock and divide the proceeds among his heirs.

The testator died in 1844, and all the executors proved the will and took upon themselves the execution of the trust as such executors. All the trustees also accepted the special trust as to the one-fourth of the residuary real and personal estate devised and bequeathed in trust for the benefit of the grandson of the testator ; but M. Brimmer, one of the trustees, refused to accept the trust as to the one-fourth of the residuary real and personal estate devised and bequeathed in trust for the use and benefit of the testator's daughter E. Wadsworth, and that trust therefore devolved upon the other trustees, the testator's two sons ; who assumed the execution thereof. In 1846, W. W. Wadsworth became of unsound mind, and was found to be a lunatic upon a commission issued to inquire into the fact. Upon the presenting of the petition for the removal of the lunatic, as executor and trustee, the chancellor directed it to stand over until a committee of the person and estate of the lunatic should be appointed, and that such committee should have notice of the application. Notice of the application was given

---

In the matter of Wadsworth.

---

accordingly, and the petition was in readiness for hearing and decision before the first Monday of July, 1847 ; but after that time, and before the actual hearing of the parties, M. Brimmer, one of the executors, and one of the trustees of the residuary property bequeathed to the grandson of the testator, died.

*T. Sedgwick,* for the petitioners.

*B. D. Silliman,* for the committee of the lunatic.

THE CHANCELLOR. The common law has made no provision for the execution of a joint trust by one of the trustees, where the co-trustee, by reason of lunacy or other inability, becomes incompetent to execute the trust. This, therefore, appears to be a proper case for the interposition of the court to remove the lunatic trustee, under the provisions of the revised statutes ; so that the trusts both as to the residuary estate given to the daughter, and as to that given to the grandson of the testator, may be executed, either by the remaining trustee, or by him and such other person as may be substituted in place of the lunatic. So far as relates to the removal of the lunatic trustee from both of these trusts, the case was in readiness for a hearing before the chancellor previous to the first Monday of July last. And it was also in readiness for the substitution of a new trustee in the place of the lunatic, so far as related to the trust for the benefit of E. Wadsworth.

Where a single trust is created it is not competent for the court to remove one of the trustees from a part of the trust, and to appoint another in his place to act with the co-trustee in part only. But in this case, although both trusts were given to the same persons originally, the testator appears to have intended to create separate and distinct trusts in relation to the portions of the residuary estate conveyed in trust for the use of his daughter and grandson respectively. And both were separate and distinct from the trusts, and trust powers, which the testator intended to confer upon the same persons in their character

of executors. Brimmer, therefore, was authorized to decline the trust attempted to be conferred upon him, as a trustee of the residuary estate given to the testator's daughter, and at the same time to accept the trust as to the fourth of the residuary estate devised and bequeathed to the testator's grandson; and also to take out letters testamentary and assume the duties of an executor.

So also the lunatic may be removed, as one of the trustees of each of the special trusts, without interfering with the trust conferred upon him as one of the executors of the testator's will. And I think the counsel for the committee is right in supposing that there is nothing in this case rendering it proper for the court to remove the lunatic as one of the executors of his father's estate; even if the court of chancery has the power to remove an executor upon a mere petition, presented by some of the persons interested in the estate, and without the institution of a suit for that purpose; which power is at least doubtful. (See Van Wyck's case, 1 Barb. Ch. Rep. 565.) From the facts admitted by the petitioners it is rendered very probable, that the derangement of W. W. Wadsworth is only temporary; and that he will in time be entirely restored to the possession of his mental faculties, as they existed previous to the fall which caused his lunacy. And the statute has made ample provision for the case of the lunacy of one executor or administrator, where there are others in existence who are competent to act; by authorizing the latter to proceed and execute the duty alone. (2 R. S. 78, § 44.) The petitioner, J. S. Wadsworth, by the death of one of his co-executors and the lunacy of the other, is for the time being the sole executor of his father's will, and is authorized alone to execute the trusts thereof. And he may also execute the power in trust, devised by the testator to his executors, to give conveyances for lands which the testator had contracted to sell in his lifetime.

So much of the petition, therefore, as prays for the removal of the lunatic from the executorship must be denied. But so much thereof as seeks to remove him, as trustee, from each of the special trusts before referred to, must be granted; as those

In the matter of Wadsworth.

trusts cannot be executed during his lunacy without removing him as one of the trustees. And as the new trustee, proposed by the petitioners, appears to be competent and responsible, so as to protect not only the interest of the cestui que trust, but also the contingent interest of those whose remainders in fee may be affected by the power to sell and re-invest the trust property, the order will direct that he be substituted as the trustee, in the place of the lunatic, in relation to the trust of the one-fourth of the testator's residuary estate devised and bequeathed for the use and benefit of Elizabeth Wadsworth for life.

Martin Brimmer, the other trustee of the one-fourth of the testator's residuary estate devised and bequeathed for the use and benefit of the grandson, was not dead on the first Monday of July last; and the petition, which was presented previous to that time, did not ask for the appointment of a new trustee, in the place of the lunatic, in reference to that trust. If this subsequent event, therefore, renders the appointment of a new trustee in the place of the lunatic desirable, in relation to that trust, the chancellor has no jurisdiction to make that appointment; but an application for that purpose must be made to the new supreme court. The order therefore will merely direct the removal of the lunatic from that trust, without substituting another in his place; leaving the petitioner J. S. Wadsworth to execute that trust as the sole surviving trustee. But the order must specify that it is to be without prejudice to the right of Brimmer, the cestui que trust, or his guardian, or any other person interested in the due execution of that trust, hereafter to apply to the supreme court, in equity, to appoint a new trustee in the place of the lunatic who is removed by such order of the chancellor; the applicant for such appointment giving due notice to the surviving trustee, and to the committee of the lunatic and other persons interested in such appointment.

Order accordingly.