New York County.—HON. D. C. CALVIN, Surrogate.— February, 1880.

### CLAPP v. BROWN.

*In the matter of the estate of* JOHN CLAPP, *deceased.*

By chapter 482 of *Laws of* 1871, the Surrogate has the power to remove a testamentary trustee in whom title to real estate is vested by the terms of the will.*

MOTION to remove executor as testamentary trustee, under section 19, 3 *R. S.*, 75 (6 ed.). Ephraim D. Brown, one of the executors, was required to show cause why he

---

* Since the date of this decision, chapter 18 of the Code of Civil Procedure has gone into effect. Sections 2802–2820 relate to testamentary trustees; and Surrogates are now given substantially the same power as the Supreme Court, to receive the resignation of a testamentary trustee, to remove the same for cause, to require security in certain cases, and to appoint a successor in case of death or lunacy, or removal or resignation of a testamentary trustee. This is one of the excellent provisions of the New Code. [*Rep.*]

should not be superseded, an order was made herein, requiring him to give security, within five days, under the statute. Upon his failure to give the security required, the present motion was made. This was objected to on the ground that the Surrogate had no power to remove a testamentary trustee, in whom title to real estate is vested by the terms of the will.

F. G. McDONALD, *for executor.*

RICH. H. BOWNE, *in person.*

JAS. W. CULVER, SAMUEL H. CLAPP, JOS. K. MURRAY, *for legatees.*

WM. B. WINTERTON, *for executor of John Clapp.*

THE SURROGATE.—This application and its determination involves a question which has occupied the attention, and perplexed the minds of the profession, and which, it seems to me, has not been authoritatively decided by the courts.

As authority against the exercise of such power of removal, my attention has been called to the case of Conklin *v.* Edgerton (21 *Wend.*, 431), where Judge COWEN holds that a power given by will to an executor to dispose of real estate, &c., cannot, after the death of the executor, be executed by an administrator *cum testamento annexo.* The learned judge cites 2 *Blackst. Com.*, 501, where it is said that a will, or a devise of real estate, is of an entirely different and opposite character from a testament. A devise is a conveyance of land, and not under the same jurisdiction as a testament. In Dominick *v.* Michael (4 *Sandf.*, 374), it is held, that where a power to sell lands is given to executors, *ratione officii,* and only by their official name, it is doubtful whether

its exercise must not be limited to those who prove the will; but where it was given to executors by their individual names, or to executors "hereinafter" named, it vests in all who are thus named, whether they prove the will or not, by force of the will itself; and that a power which an executor takes by force of the will, and not of its probate, is not diverted nor affected by his renunciation of the office; and that the power to sell lands, though given to several persons as executors, may be executed under the Revised Statutes, by those who take upon themselves the execution of the will, without the concurrence of those who neglect or refuse. Still, the statute does not divest the estate or power of an executor who has neglected or refused to qualify; nor is it applicable when the only surviving executor thus neglects or refuses, that being a case not provided for by statute; and hence the rule of the common law must continue to govern.

But let it be observed that the learned judge, in so holding, was discussing the question whether such trust estate, or power in trust, vested in an administrator with the will annexed. So the case of Bolton v. Jacks (6 *Robt.*, 166), cited by counsel, holds in substance, that an executor to whom a power is given by will to sell land, and pay and apply the proceeds for the benefit of certain objects of the testator's bounty, named in such will, and not merely to apply the same in the administration of such estate as executor, is the donee of a power in trust, and takes as such, and not as executor, and derives his right to exercise it from the will itself, and not from its admission to probate, or from letters testamentary thereon, and may.

therefore execute such power before probate or letters testamentary.

By section 83, 3 *R. S.*, 1111 (6 ed.), the Supreme Court, on the petition of any person interested in the execution of a trust, may remove any trustee who shall have violated or threatened to violate his trust, or who shall be insolvent, or whose insolvency shall be apprehended, or who for any other cause shall be deemed an unsuitable person to execute the trust; and the next section provides for the power of said court to appoint a new trustee, and in case there shall be no acting trustee, by reason of such removal, said court is authorized to appoint new trustees, or cause the trust to be executed by one of its officers under its direction; and the next section limits these provisions to cases of express trusts. In the Matter of Van Wyck (1 *Barb. Ch.*, 565), the provisions of the statute referred to were considered, and it was held that, independent of statutory provisions, the Court of Chancery had no power on mere petition to discharge or accept the resignation of a trustee, or appoint another in his place, except upon the consent of all the persons interested, and that if the court discharged one of several executors without appointing a new trustee in his place, the remaining executors would not be authorized to execute a power in trust to sell the testator's real estate so as to give a good title to purchasers, for the reason that while the statute authorizes the execution of the power by the survivor or survivors, when before the execution of the power one or more of the persons die, in whom the power in trust is vested, the statute did not apply to a case where the trustee had been discharged by the Court of Chancery after he had accepted the trust

and qualified as executor, and that in such a case it was necessary to appoint a new trustee in place of the one removed, he to join with the others in the execution of the trust or power, in order to give a valid title. It is clear, therefore, that the Supreme Court has power both to remove and appoint a substitute for a trustee appointed by will.

By chapter 482, *Laws* 1871, power and jurisdiction is conferred upon Surrogates, to require security from, or remove testamentary trustees, in the same manner as now provided for the giving of security by, or the removal of, executors, administrators or guardians. This confers a power ample for the removal of Mr. Brown, as testamentary trustee under the will in question, unless it shall be held that, in respect to his trusteeship regarding the real estate of the decedent, title is held not as testamentary trustee. From such consideration as I have been able to give the question submitted in this matter, I am of the opinion that the term testamentary trustee, as used in the statute last above referred to, comprehends all persons holding that relation by virtue of a last will and testament, and that a devise of real estate in trust is included therein; and that Blackstone's refined distinction between a devise and a testament has not been maintained by our statutory enactments, or our decisions upon the subject.

The first section, under the title of "Wills of real property and the proof of them" (3 *R. S.*, 57 [6 ed.]), provides who may devise real estate by a last will and testament—thus showing that a testament is used as synonymous with devise, and that they are used as convertible terms. Judge Redfield, in his treatise on

the *Law of Wills* (vol. 1, p. 6, subd. 3, § 2), says : "The term devise is applied more exclusively to a testamentary disposition of lands." Bouvier, in his *Law Dictionary*, in his definition of the word testamentary, states it as relating to a last will or testament.

It is not necessary, in passing upon the authority of this court to remove Mr. Brown as testamentary trustee, under the act of 1871, to determine what will be its effect upon the surviving trustees, or whether it will be necessary to apply to the Supreme Court to appoint another trustee in his stead.

If, as is claimed, this court has no power to remove Mr. Brown as testamentary trustee, then, in case he shall have executed the trust, conformably to the terms of the will, this court would have no jurisdiction to settle his accounts under chapter 115, *Laws* 1866, or to compel him to account under chapter 482, *Laws* 1871 ; a position which, it seems to me, cannot be sustained.

In Hetzell *v.* Barber (6 *Hun*, 534), the testatrix devised certain real estate to her two daughters absolutely, and authorized her executor to sell and convey the same, and invest the proceeds for the benefit of her daughters. The executor conveyed, but subsequently to a conveyance executed by the daughters. On suit brought for the premises, by the grantee of the executor, it was held that the legal estate passed to him by the conveyance from the grantee of the power.

Judge GILBERT, in delivering the opinion of the court, commencing at the bottom of the page 540, refers to the removal of the executor by the order of the Surrogate in 1869, and states that such order was ineffectual as to the

executor, in his capacity of grantee of the power, for the reason that the statute then provided for his removal only by the Supreme Court, on petition or bill in equity, and then proceeds as follows : " Since that time, however, the legislature has conferred upon Surrogates authority to require testamentary trustees and guardians to give security and to remove them." ·

I am of the opinion that the proposed order, removing Mr. Brown from his position as testamentary trustee under the will of decedent, should be made.

Ordered accordingly.