Bolles v. Bolles.

---

ANNA C. BOLLES, FREDERICK M. BOLLES and ELIZABETH P. HOLBROOK

v.

ENOCH BOLLES, surviving executor of Enoch Bolles, senior, deceased, and PHEBE T. BOLLES.

1. A court of equity may remove a trustee, but not an executor. It may, however, restrain an executor from acting, and even take the estate out of his hands and place it in the custody of a receiver.

2. The objection of multifariousness merely raises a question of convenience in conducting the suit, but does not go to the merits of the complainant's case.

3. A bill is multifarious when a party is able to say that he is brought as a defendant upon a record with a large part of which, and of the case made by

Bolles *v.* Bolles.

which, he has no concern whatever, but multifariousness does not exist in a case where it appears that the complainants have a common interest, and the defendants are interested in all the different questions raised on the record, and the suit has a common object.

On motion to dismiss bill, or failing in that, to strike out part of the bill, made on notice under ¶ 224 of the Rules.

*Mr. Herbert Boggs*, for the motion.

*Mr. Joseph D. Gallagher, contra.*

VAN FLEET, V. C.

The bill in this case prays for three distinct measures of relief: *first*, that a deed made by Enoch Bolles, as surviving executor of Enoch Bolles, senior, deceased, to the grantor's daughter, Phebe T. Bolles, for land on West Park street, in the city of Newark, may be set aside, on the ground that the same was made in fraud of the rights of the complainants; *second*, that Enoch Bolles may, as the surviving executor of Enoch

NOTE.—The court of chancery cannot remove an executor, *Leddel* v. *Starr, 4 C. E. Gr. 159;* see *Van Wyck's Petition, 1 Barb. Ch. 565; Wadsworth's Case, 2 Barb. Ch. 381;* although an administrator with the will annexed was thus removed, and superseded by a trustee in *Loveman* v. *Taylor, 85 Tenn. 1.*

Nor an administrator, *Holbrook* v. *Campau, 22 Mich. 288;* although it was done in one case, at the instance of a foreign executor, on an allegation of fraud, *Wallace* v. *Walker, 37 Ga. 265;* and see *Randle* v. *Carter, 62 Ala. 95; Barker* v *Clark, 12 Abb. Pr. (N. S.) 106.*

The proceedings should be in the probate court, *Dalrymple* v. *Gamble, 66 Md. 298; Hosack* v. *Rogers, 11 Paige 603; Murrill* v. *Sandlin, 86 N. C. 54; Chew* v. *Chew, 3 Grant's Cas. 289; Taggart's Case, 1 Ashm. 321; Wilson* v. *McKinney, 2 Humph. 30.*

For an abuse of trust, however, chancery may restrain him from acting, *Cooper* v. *Cooper, 1 Hal. Ch. 9; Wigand* v. *Dejorge, 18 Hun 405; Wilkins* v. *Harris, Winst. Eq. 41;* see *Stubblefield* v. *McRaven, 5 Sm. & Marsh. 130;* and appoint a receiver, *Ex parte Walker, 25 Ala. 81; Price* v. *Price, 8 C. E. Gr. 428; Roberson* v. *Roberson, 3 Lea 50;* see *Long* v. *Wortham, 4 Tex. 381;* but it must be of the whole estate, and not to co-operate with an executor not removed, *Fairbairn* v. *Fisher, 4 Jones Eq. 390;* see *Gadsden* v. *Whaley, 14 S. C. 210;* and not on *defendant's* application, *Robinson* v. *Hadley, 11 Beav. 614; Leddel* v. *Starr, 4 C. E. Gr. 159.*—REP.

Bolles *v.* Bolles.

Bolles, senior, deceased, be decreed to account for his administration of his testator's estate; and *third*, that Enoch Bolles may be removed as executor of Enoch Bolles, senior, deceased, and that some fit person may be appointed administrator with the will annexed in his place. Although the first and second measures of relief are treated in the prayer of the bill as distinct matters, yet, when the main purpose of the bill is considered, it is entirely obvious, that the first is a mere incident of the second, and that it would be impossible to give the complainants what they are entitled to under the second, without deciding whether or not they are entitled to what they ask in the first. But this subject may be more conveniently discussed at a later point in the opinion.

Application is made to strike out that part of the bill which asks for the removal of Enoch Bolles as executor, and that some fit person may be appointed in his place. I think this application must prevail. This court has power to remove a trustee, but not to remove an executor. In a note to *3 Wms. on Exrs. p. 2033*, it is said, "A court of equity has no power to remove or discharge one executor, and appoint another in his place." Two cases are cited: *Haigood v. Wells, 1 Hill's Ch. 59; Ex parte Galluchat, 1 Hill's Ch. 148.* These cases distinctly hold, that, while it is within the power of courts of equity to remove a trustee and appoint another in his place, they cannot exercise a like power over an executor. They may protect the beneficiaries under a will against the fraud or other wrong-doing of an executor, by restraining him from acting, or they may even take the possession of the assets from him and place them in the custody of a receiver, but they cannot remove him. Courts of equity almost uniformly decline jurisdiction in purely probate matters. *Barnesly v. Powel, 1 Ves. Sr. 284; Broderick Will Case, 21 Wall. 503; Ellis v. Davis, 109 U. S. 485.*

Application is also made to dismiss the bill for multifariousness. The definition of multifariousness, given by Lord Cottenham, in *Campbell v. Mackay, 1 Myl. & Cr. 603*, has, I believe, been generally adopted as correct. He says, it exists when a party is able to say he is brought as a defendant upon a record

with a large portion of which, and of the case made by which, he has no concern whatever, but that it does not exist in a case where, it appears, that the complainants have common interest, and the defendants are interested in all the different questions raised on the record, and the suit has a common object. The objection of multifariousness raises merely a question of convenience in conducting the suit. It does not go to the merits of the complainant's case and call upon the court to decide whether the complainant has a case against any of the defendants, but the court, in dealing with it, is simply called upon to exercise its discretion, and to decide whether both or all the causes of action, set forth in the bill, should be tried in a single suit, or should be split up and tried in two or more suits; or whether a defendant, who is a necessary party in respect to one or more matters covered by the bill, has a sufficient interest in or connection with the other matters involved in the suit, to make him a proper party in respect to such other matters.

The principal object of the suit in this case is to compel Enoch Bolles, as surviving executor of Enoch Bolles, senior, deceased, to account for the estate of his testator, in order that a decree may be made giving the complainants what they are now entitled to out of that estate. The complainants claim to be entitled, under the will of Enoch Bolles, senior, deceased, and an appointment made by Charles O. Bolles, deceased, pursuant to power conferred upon him by the will of Enoch, to four-fourteenths of Enoch's estate, with a right to an immediate payment or transfer to them of their shares. They admit that the defendant, Phebe T., has a like right, acquired in the same way, to three-fourteenths of the same estate. As incidental to the main relief they seek, the complainants ask that a deed, which Enoch, as surviving executor of Enoch, senior, deceased, recently made to the defendant, Phebe T., for lands of which Enoch, senior, died seized, may be set aside as fraudulent as to them. These lands, the complainants claim, constitute a part of the property which they are entitled to under the will of Enoch, senior, deceased, and the appointment made by Charles O., deceased. This statement of the objects of the suit, and of the grounds on which the com-

plainants' right of action rest, would seem to make it entirely clear, that the complainants have a common interest. The rights of each flow from the same source, and are in all respects identical, except as to the *quantum* of interest, Mrs. Holbrook, one of the complainants, being entitled to two-fourteenths, while the other two complainants are only entitled to one-fourteenth each. And it would seem also to be entirely plain, that both of the defendants, in whose behalf this application is made, are vitally interested in both questions raised by the bill, namely, whether or not the deed shall be set aside, and also how the account, to be rendered by Enoch, as surviving executor, shall be stated. It is manifest that neither question could, according to the established course of procedure in equity, be determined so as to finally conclude all interests, and prevent all further litigation, except all the persons now before the court as parties to this suit, were parties to the suit in which such determination should be made. And it remains to be said, in view of the statements of the bill, that it is clear, beyond dispute, that the suit has an object, common not only to the three complainants, but also to the defendant, Phebe. Its main object is to enforce the joint rights of the four created by the will of Enoch, senior, deceased, and the appointment made by Charles O. This being so, there would seem to be no doubt, under the rule laid down in *Campbell* v. *Mackay, supra,* that, so far as respects parties, the bill is not multifarious.

Nor is there, in my opinion, a misjoinder of causes of action. As already stated, the main purpose of the complainants' suit is to compel Enoch Bolles, as surviving executor of Enoch Bolles, senior, deceased, to account, in order that a decree may be made giving the complainants their just shares of that estate. Until it is known what Enoch should be charged with, no decree can be made fixing the amount of his liability, nor ascertaining and defining the shares of the complainants, nor declaring what their shares consist of—whether money, or part money and part land. Until the question, whether the conveyance to Phebe is valid or invalid, has been settled, it cannot be known whether Enoch should be charged, in his account, with the consideration

named in that deed or not. So that it would appear to be quite undeniable, that the determination of that question is an incident inseparably connected with the accounting. It is a necessary part of the accounting, as much so as if Enoch had made a conveyance for a full and fair price, but had attempted to keep back a part of the purchase-money for his own use, or had accepted in payment of the purchase-money something which he knew was either worthless, or worth much less than he had agreed to allow for it. This case, in all its material features, is the counterpart of *Pointon* v. *Pointon, L. R. (12 Eq.) 547,* and the rule adopted in that case should, I think, be adopted as the rule of decision in this. There it was held, that the court would not allow distinct subjects to be mixed up in one suit when it would result in inconvenience to the court, or in any injustice to the parties; but where nothing of that kind was to be apprehended, it was perfectly proper, in a suit to compel executors to account for the administration of their testator's estate, to also call upon the survivor of a firm, of which the testator had, in his lifetime, been a member, and who was also one of the testator's executors, to render an account of the partnership affairs. The court in that case said : " It is quite clear, that if there are to be separate suits, they must be closely intermixed, and the winding up of the principal suit must await that of the other or others, and before it can be found out what the estate of the testator consists of, the partnership accounts must be taken. I am wholly unable to discover why they should not be taken in this suit." Just so here. Until it is known whether the deed made to Phebe is valid or not, it is impossible to tell of what the testator's estate consists. The determination of that question is manifestly indispensable to a full and fair accounting. Neither justice nor convenience requires two suits. On the contrary, to compel the complainants to split up their demands and to bring two suits, when one can conveniently be used to do full justice to both parties, would, in my judgment, have somewhat the appearance of an attempt to baffle and delay the complainants in the pursuit of their rights.

The application to dismiss for multifariousness must be denied.