## In re JOHNSTON'S ESTATE.
## In re HART.

(*Supreme Court, General Term, First Department.*  June 26, 1891.)

ACCOUNTING BY ADMINISTRATOR—OBJECTIONS NOT MADE AT HEARING.

    On an accounting by an administrator, claims of a creditor sought to be established against the estate, which are not mentioned in the objections to the account, will not be considered on the hearing, as the account and objections thereto constitute the pleadings in such proceedings.

Appeal from surrogate's court, New York county.

Judicial settlement of the account of William T. A. Hart and David B. Johnston, administrators, etc., of Archibald Johnston, deceased.  From a decree of the surrogate's court confirming the report of the referee settling the accounts, Hugh Langan and Andrew Langan, composing the firm of Langan Bros., appeal.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

W. C. *Reddy,* for appellants.  *Merritt & Terry,* for respondents.

VAN BRUNT, P. J.  The appellants claim that the referee erred in not considering claims which the creditor attempted to establish as against the administrator, which were in no way referred to in the objections which he filed to the administrator's account.  In these proceedings the account and the objections thereto form the pleadings; and the objector to an account is as much bound to set up in such objections any claims which he proposes to make against the administrator as the defendant in an action is bound to set up in his answer any claims which he proposes to urge against the plaintiff.  Therefore the question as to whether the respondent was rightfully entitled to claim one-half interest in the leasehold property was not before the court.

It is urged that this court, upon appeal, may amend the objections *nunc pro tunc,* in order that this claim might be considered; but the court never amends pleadings *nunc pro tunc* for the purpose of reversing a judgment, but only for the purpose of affirmance.  There is one item, however, in this account, in respect to which it seems to us that the court erred.  It appeared that Archibald Johnston, who died in August, 1889, was, for years prior to his decease, insolvent, and that the administrator had knowledge of his insolvency.  It further appeared that in 1886, for a nominal consideration, he conveyed to one Harris an interest in this leasehold estate, which Harris upon the same day conveyed to the wife of said Johnston for a like consideration.  Johnston being insolvent at the time of this conveyance, the same was a fraud upon his creditors, if the lease was of any value whatever; and it would appear from the transactions had by the administrator in respect to other interests in this lease that it was valuable.  Under these circumstances, it certainly was the duty of the administrator to take proceedings to recover this property, which Johnston had disposed of in fraud of his creditors.  This the administrator, with full knowledge of these facts, failed to do, and it seems to us that he is chargeable with neglect of duty.  The referee found in his opinion that the administrator was not thus chargeable, apparently upon the case of *O'Connor* v. *Gifford,* 117 N. Y. 275, 22 N. E. Rep. 1036, although the record does not contain the opinion which it is stated the referee rendered upon making his report.  But the case cited differs entirely in its essential facts from the one at bar.  In that case the executor met the claim of neglect by showing the solvency of the testator, and that the property was in possession of another party at the time of the death of the testator, who was the residuary legatee; the claim being made that it had been given by the testator.  The executor, believing the property to belong to the estate, stated the facts to his counsel, and was advised by him that he could not recover the property or its proceeds; and there was no claim that either the executor or the counsel did not act in

entire good faith. It was held that the executor should not be charged with the value of this property. In the case at bar, however, the estate was insolvent. The gift was made at a time when the administrator knew the intestate to have been insolvent, and that therefore it was a fraud upon the creditors. He was in possession of all the facts necessary to establish the fact of the fraud. Under these circumstances, it seems to us that the administrator did not fulfill his duty, and that he was bound to show some reason other than that which appeared before the referee for his failure to collect this claim. We think, therefore, that for this error the decree of the surrogate must be reversed, and the proceedings remitted to the surrogate for further action; costs of this appeal to the appellant, to abide the final event. All concur.