In re SCHNEIDER'S ESTATE.

(Supreme Court, Appellate Division, Second Department. January 21, 1896.)

1. REFERENCE—ACCOUNTS OF GUARDIAN—AMENDMENT BEFORE REFEREE.
   Executors of a deceased guardian, to whose account objections are filed, resulting in a reference, may properly be allowed by the referee to file a supplemental account showing payments made since the first was filed.

2. GUARDIAN AND WARD—ACCOUNTING—COSTS OF REFERENCE.
   Where objection to the accounts of a guardian are justified, rendering a reference necessary, the guardian's disbursements in the proceeding will not be allowed from the ward's estate.

Appeal from surrogate's court, Kings county.

Proceeding instituted by the present general guardian of the person and property of Peter Metzger, an infant, against Matthias, Frank, and Frances Schneider, executors, to compel an accounting on behalf of Peter Schneider, deceased, a former general guardian of said infant.   The account filed and objections thereto were referred, and from a decree entered upon the findings of the referee the guardian appeals.   Modified.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

William F. Randel, for appellant.
John A. Taylor, for respondent executors.

BARTLETT, J.   This proceeding was instituted by the present general guardian of Peter Metzger, an infant, to compel an accounting by the executors of a former general guardian.   The executors filed an account, to which objections were interposed in behalf of the infant; and the surrogate thereupon referred the matter to a referee, to hear and determine all questions arising upon the settlement of the account which the surrogate had power to determine, and to make a report thereon, subject to confirmation or modification by the surrogate.   Code Civ. Proc. § 2546.   Among the items which the accounting executors sought to be allowed was the sum of $500, being the amount of a bill of Messrs. Fisher & Voltz, their attorneys, for services in advising the executors in reference to the

estate, and in preparing the final account of the deceased guardian. Early in the proceedings before the referee it appeared that this bill had not then been paid. Subsequently, and after its payment by the executors, they asked and obtained leave from the referee to file a supplemental account, in which this item of $500 was set forth again, together with a statement that the bill was paid. Some other items, which do not seem to be of any importance on this appeal, are included in the supplemental account.

The learned counsel for the appellant insists that the referee had no power to permit the executors to file any supplemental account at all, in the absence of the consent of all parties, unless a new citation was first issued and served. The powers of a referee in the surrogate's court under section 2546 of the Code of Civil Procedure were discussed to some extent, but not determined, by the court of appeals in Re Clark, 119 N. Y. 430, 23 N. E. 1145. The Code provides that "the provisions of this act, applicable to a reference by the supreme court, apply to a reference made as prescribed in this section, so far as they can be applied in substance without regard to the form of the proceeding." Judge Finch declared that this very general language seemed to open everything, and settle nothing, but found it possible to decide the case without any interpretation of the clause thus criticised. In the case of Eldred v. Eames, 115 N. Y. 401, 22 N. E. 216, it was held that a referee to whom a claim against the estate of a deceased person was referred, under the Revised Statutes, had no authority to allow an amendment of such claim. This decision was placed on the ground that it is only the claim which has been rejected by the executor which can be referred in a proceeding of that sort, while a claim amended on the reference would be one which the defendant had never consented to refer. No such reasoning can be urged against the amendment allowed in the present case. In Re Hart, 60 Hun, 516, 15 N. Y. Supp. 239, the referee, upon an accounting in the surrogate's court, was sustained in his refusal to consider claims which the creditors sought to establish against the accounting administrators without having mentioned such claims in any way in their objections. The general term declined to permit an amendment of the objectors nunc pro tunc upon the argument of the appeal, saying that the court never amended pleadings nunc pro tunc for the purpose of reversing a judgment; but there is nothing in the opinion relative to the referee's power to permit amendments.

Without attempting to define with exactitude the powers of a referee in the surrogate's court under section 2546 of the Code of Civil Procedure, we are satisfied that the referee in the case at bar possessed authority to allow the accounting executors to file the supplemental account which appears in this record. The accounting was not a voluntary proceeding on their part, but they were brought into court upon a petition filed in behalf of the infant, praying that an order be granted requiring them to show cause why there should not be a judicial settlement of the account of the guardian of whose estate they were the executors. They answered the demand thus

made against them by filing one account showing what had been done in reference to the estate of the infant up to that time. A little later, having paid the item for legal services already mentioned, the referee gave them leave to file the supplemental account, which adds little to the original except by showing the actual payment of that item. No new citation was necessary, because the parties to whom it would have issued, the executors of the deceased guardian, had already been cited, and were before the court. Nor is it perceived how the action of the referee in permitting the supplemental account to be filed can have harmed the appellant. Objecting, as he did, to the item for legal services, he would, doubtless, have litigated its propriety upon a subsequent accounting if not in this proceeding; and, as the expense had been incurred by the executors (a fact which appeared in the original account), it seems to us that the referee exercised a wise discretion, after payment had been made, to allow such payment to be set up in a supplemental account, as all questions concerning it could thus be disposed of with the least delay to all parties interested.

We agree with the referee, also, that the services rendered by Messrs. Fisher & Voltz were fairly worth the sum paid to them, and were so useful to the estate of the infant as to be properly chargeable against it.

The only other question of fact which requires consideration grows out of the finding that the account filed by the executors does not give any explanation of an apparent shortage of $800 of principal. It is evident from the proofs, however, that this apparent shortage arose from an erroneous computation of the value of the securities constituting the original principal of $17,600, when their aggregate value was really only $16,800.

Notwithstanding that the conclusions of the referee were thus adverse to the appellant, he expressly finds that the contestant was justified in filing his objections to the account under examination. If this view is correct,—and we think it is,—the estate of the infant ought not to be burdened with so heavy a bill of costs as is imposed upon it by the decree appealed from. In addition to the fees of the referee and stenographer, amounting to $754.80, costs and counsel fee, aggregating $1,025.50, are awarded to the accounting executors, to be paid out of the infant's estate. There was an unexplained discrepancy in the account of $800, which this infant was entitled to have explained, and which alone constituted a sufficient reason for filing objections in his behalf; yet the result of allowing so large a bill of costs against the estate is to make him pay more than $800 for the explanation which was due to him as a matter of right. In view of all the circumstances, we think the sum awarded to the executors for costs, counsel fee, etc., ought to be stricken out of the decree.

Decree modified by striking out the award of $1,025.50, costs, etc., to the executors, and, as thus modified, affirmed, without costs of this appeal. All concur.