## Matter of the Estate of FREDERICK BROMMER, Deceased.

(Surrogate's Court, New York County, December, 1918.)

Accounting — form of objections to executors' accounts — when objections by creditor overruled — Code of Civil Procedure, § 2679.

The form of a denial provided by the Code of Civil Procedure for actions in other courts does not apply to an accounting proceeding in the Surrogate's Court.

Where the account of executors shows that they have allowed a number of claims against the estate an objection by a creditor alleging that he "has no knowledge or information as to the claims of any of the alleged creditors or other persons in said account, and therefore objects to all such claims" is not authorized either by the Code of Civil Procedure or the rules of this court and the objection will be overruled.

Any form of denial which shows that there is objection to the allowance of a claim by an executor against the estate is sufficient to constitute a "contest" under section 2679 of the Code of Civil Procedure requiring the trial of the issues by the Surrogate's Court, and an application for an order to overrule an objection to the allowance of the claim of the widow of the testator, who is also an executrix under his will, will be denied where the objection states, upon information and belief, the reasons upon which it is founded.

Where the right of a claimant to have a trust impressed upon certain real estate owned by testator at his death, on the ground that he had purchased it with money held by him as trustee of another estate, may be determined in a pending action, an objection to the allowance of said claim in the present proceeding will not be considered.

An objection based on mere allegations that objectant has no knowledge or information sufficient to form a belief as to the validity of certain claims therein referred to is insufficient and will be stricken out.

An objection to the discharge of executors, as such, from liability for certain promissory notes alleged by them to have no present value, is insufficient; if not presently collectible and the objectant can show that there is a reasonable probability of collection in the future, the decree upon the accounting may provide that the liability of the executors for the amount of the notes be continued until the question of their collectibility is finally determined.

APPLICATION for an order overruling objections filed by alleged creditors to the account of executors.

Reynolds & Geis (Leonard J. Reynolds, of counsel), for accounting executors.

Hamilton & Freeman, for John Offerman.

22

Fowler, S.   This is an application for an order overruling objections filed by alleged creditors to the account of the executors.   The account shows that the executors have allowed a number of claims against the estate, and the objections relate principally to the allowance of such claims.   John Offerman, a creditor, has filed objections in which he alleges that he " has no knowledge or information as to the claims of any of the alleged creditors or other persons in said account, and therefore objects to all such claims."   This form of objection is not authorized by the Code or by the rules of this court.   Section 2519 of the Code provides that: " All * * * objections shall contain a plain and concise statement of the facts constituting the objection."   Section 2680 provides that when a claim is allowed by an executor or administrator, " any party adversely affected thereby may file objections thereto and may show that the claim or debt was fraudulently or negligently allowed, or paid."   Obviously this section requires that the objectant shall state the facts upon which the conclusion of fraudulent or negligent allowance of the claim is based, and does not authorize a mere allegation that the objectant has no knowledge or information sufficient to form a belief.   Under the practice prescribed by the Code for the Surrogate's Court there is no authority for the denial by an objectant of knowledge or information sufficient to form a belief, nor is there any occasion for it, as a person who has reason to believe that an executor has allowed doubtful claims may obtain all the necessary information in relation to such claims by examining the executor as provided in section 2731.   This section provides that upon the return of the citation in an accounting proceeding the executor may be examined under oath by any party to the proceeding as to any

matter relating to his administration of the estate. The form of denial provided by the Code for actions in other courts does not apply to an accounting proceeding in this court, because, in the first place, an accounting proceeding is not an action, and, in the second, the sections of the Code in relation to the Surrogate's Court prescribe a definite procedure and provide sufficient remedies for those who desire to file objections to an account. Rule IX of the rules of this court requires that a party desiring to contest an account shall file specific objections thereto. An allegation that the objectant has no knowledge or information sufficient to form a belief in relation to a claim allowed by an executor is not a specific objection to the allowance of the claim. The application to strike out the objections of John Offerman for insufficiency is therefore granted.

The Mechanics Bank, a creditor of the estate, objects to the allowance of the claim of Augusta R. Brommer, the widow of the testator and an executrix under his will, and states upon information and belief the reasons upon which its objection is founded. Section 2679 of the Code provides that " where a contest arises between the accounting party and any of the other parties respecting property alleged to belong to the estate, or respecting a debt alleged to be due by the decedent to the accounting party, the contest must be tried and determined in the same manner as any other issue arising in the Surrogate's Court." Any form of denial which shows that there is objection to the allowance of the claim of an executor or administrator against the estate is sufficient to constitute a " contest " requiring the trial of the issue by the Surrogate's Court. The application to overrule this objection is therefore denied.

Surrogate's Court, New York County, December, 1918. [Vol. 105.

The Mechanics Bank also objects to the allowance of the claim of Eliza R. Brommer as executrix of the last will and testament of John Brommer, deceased, on the ground that she has commenced an action in the Supreme Court against all persons interested in this accounting, in which she alleges the validity of this claim and asks that a trust be impressed upon certain real property owned by the testator at the time of his death, on the ground that he had purchased such real estate with money held by him as trustee of the estate of John Brommer. As this court would have no jurisdiction to impress a trust in favor of the claimant upon the real estate of the testator, even if the validity of her claim were established, and as the entire question of the validity of the claim and the right of the claimant to have a trust impressed upon the real estate may be determined in the action now pending in the Supreme Court, this court will leave the entire question to that court for determination.

The objections of Alfred Hoffman as successor trustee under the will of Magdalena Brommer, numbered 1, 2, 3, 4, 10, 11, 12, 13, 14, 15, 16, 18, 19 and 20, are merely allegations that the objectant has no knowledge or information sufficient to form a belief as to the validity of the claims therein referred to. They are insufficient and will be stricken out. In objections numbered 5, 6, 7, 8 and 9 he objects to the discharge of the executors as such from liability for certain promissory notes alleged by·the executors to have no present value, on the ground that the notes may be collectible in the future. Either the notes are presently collectible, or they are not. If they are, the objectant should object to their inclusion in the account as of no value, and be prepared to prove that the persons liable thereon are financially responsible.

Misc.]   Surrogate's Court, New York County, December, 1918.

If the notes cannot be collected at the present time and the objectant can show that there is a reasonable probability of their being collectible in the future, the decree on accounting may provide that the liability of the executors for the amount of the notes may be continued until the question of their collectibility is finally determined.   These objections, therefore, are insufficient. · Objections numbered 17 and 21 are the same as the objections made by the Mechanics Bank to the claim of Augusta R. Brommer and Eliza R. Brommer heretofore referred to, and are determined in the same manner.

This creditor also objects to the allowance of any dower right to the testator's widow in his real estate upon the ground that the testator applied to the payment of taxes, insurance and repairs on said real estate part of the money held by him as trustee of the estate of Magdalena Brommer.   This objection presents a question of law which can only be determined when the issues of fact have been decided, and should be presented to the court when a decree is submitted upon the account.

The application is granted, except as to the claim of Augusta R. Brommer. This claim will be tried before the referee heretofore appointed by me.

Decreed accordingly.