In the Matter of the Estate of AUGUSTUS D. JUILLIARD, Deceased.

Surrogate's Court, Orange County, October 28, 1938.

*Larkin, Rathbone & Perry*, for the motion.

*Morris Permut* [*Henry Hirschberg* of counsel], opposed.

TAYLOR, S. The will set up a trust and appointed a number of trustees, among them Frederic A. Juilliard, and the objection in question is to " All losses and depreciation sustained or suffered by reason of the acts of omission or commission of the said Trustees in consequence of the inability and failure of the Trustee, Frederic A. Juilliard, to exercise reasonable judgment, prudence and diligence due to his mental and physical disabilities and infirmities."

Our discussion of the point involved may very well commence with section 49 of the Surrogate's Court Act, which provides that " all * * * objections shall contain a plain and concise statement of the facts, constituting * * * the objection," and the problem is whether this objection complies with the statute.

All are agreed that the petition, account and objections constitute the pleadings. (*Matter of Hearns*, 214 N. Y. 426; *Matter of Bielby*, 91 Misc. 353; *Matter of Sloane*, 135 App. Div. 703.)

It is familiar law that the purpose of pleadings is to determine the issues to be presented, and that they ought to be precise and definite to the extent that the defendant, or the person occupying a like position, would be definitely informed of the charges he would be required to meet.

The objection in question is altogether too broad, for, to quote from *Matter of Bielby* (91 Misc. 353, 363), " The objection states no fact which furnishes any light, and the executor could not be expected to correct any error not pointed out. Objections to an account, to be available, must plainly indicate the defect."

This rule is so thoroughly established in Surrogate's Court practice that the practice in other courts of setting up general denials does not apply. (7 Wait's New York Practice [4th ed.], p. 50.)

Reference is also made to *Matter of Hart* (60 Hun, 516); *Matter of Wotton* (59 App. Div. 584; affd., 167 N. Y. 629); *Matter of Brommer* (105 Misc. 336); *Matter of Crounse* (168 id. 359, 361).

The report of *Peck* v. *Sherwood* (56 N. Y. 615), relied upon by the objectant, is quite incomplete. It is observed, however, that

apparently proper objections were made to the main account, following which was filed a supplemental account, and to that objection " to any and all of the items " was filed. It may be that the supplemental account attempted to clarify or explain the items in the original account, to which proper objection had been made so that the issues may nevertheless have been clearly defined.

While there may be a duty upon a trustee to seek the removal of his cotrustee upon the ground that the latter has become mentally incompetent and that the two trustees cannot function together (See *Matter of Wadsworth*, 2 Barb. Ch. 381; *Bascom* v. *Weed*, 53 Misc. 496; *Matter of Pelgram*, 146 id. 750; *Burrows* v. *Scherer*, 134 id. 147; affd., 228 App. Div. 673; Surr. Ct. Act, § 99; Real Prop. Law, § 112), nevertheless it is not inconceivable that the judgment rendered, or act performed, in a given instance even by a mentally incompetent fiduciary, might be as sound as that exercised by the most intelligent and competent representative and that fiduciaries should not be held responsible for all losses merely because one of their number was mentally incompetent. It may be observed with respect to the objection here that it is only to those losses and depreciation " due to his [the alleged mental incompetent's] mental and physical disabilities and infirmities." The accountant is entitled to know which losses and which depreciations were due to this alleged mental infirmity and whether those losses and depreciations were due to the judgment or discretion of the incompetent or his acts or his failure to join with his associates in the exercise of discretion and acts.

The motion so far as it asks that this objection be stricken out is denied, but the objectants are directed to file amended objections in accordance with this opinion.

It is urged that as the mental competency of one of the trustees might be tried as a preliminary issue, and if the trustee were found to be incompetent, later objections would follow after the determination of the issue of incompetency. It is quite true that in many instances basic preliminary questions are first disposed of, but that is no reason for objections to be made piecemeal.

Settle order on five days' notice or by consent.