ing for defendant to one for plaintiff, is unauthorized by the Municipal Court act (Laws 1902, p. 1486, c. 580).

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Machimowitz against Jacob Fine and another. From a judgment for plaintiff, and from an order increasing it, defendant Fine appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Isidor Cohn, for appellant.

Edward Phillips, for respondent.

PER CURIAM. The action is for $300, money loaned by plaintiff to defendant. The principal defense is usury, arising from the fact, as alleged, that defendants were required by plaintiff to pay him $3 a week interest, which amounted to 50 per cent. on the loan. The defendant Fine also claims that, upon the dissolution of the partnership of defendants, the debts were assumed by the other partner. The money was loaned on March 9, 1908, and was payable on demand, which demand was made on April 25, 1908, but no part of the principal has been paid. The trial justice apparently held that the appellant had paid $3 a week for 20 weeks and gave judgment for the plaintiff for $240, deducting the amount of usurious interest received from the whole amount claimed. He has therefore found in favor of the defendant on the defense of usury, and should have given judgment in his favor. He apparently relied for his authority on the case of National Bank of Auburn v. Lewis, 75 N. Y. 516, 31 Am. Rep. 484, but that case involved the rights of a national bank, and is therefore not applicable to the case at bar. Schlesinger v. Gilhooly, 189 N. Y. 1–21, 81 N. E. 619. After the trial, the defendant moved to vacate the judgment and for a new trial, and the plaintiff thereupon moved to amend the judgment by increasing the amount to $300. The trial justice denied the defendant's motion, and granted the plaintiff's motion. Such an amendment is not authorized by the Municipal Court act. It amounted to a reversal upon the material issue of the case from a finding in favor of the defendant to a finding in favor of the plaintiff. Insky v. Chatkoff (Sup.) 84 N. Y. Supp. 253; Public Bank v. Birnbaum (Sup.) 117 N. Y. Supp. 237.

The judgment is reversed and a new trial ordered, with costs to appellant to abide the event. All concur.

---

## In re SLOANE.

(Supreme Court, Appellate Division, Second Department. December 3, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 504*)—PROBATE COURTS—PROCEEDINGS TO SETTLE ACCOUNTS.

A proceeding before a surrogate by an administratrix for a settlement of her accounts, to which objections are made, raises an issue of fact, and under the express provision of Code Civ. Proc. § 2545, the surrogate, up-

on the trial thereof, must file his decision in writing, stating separately· the facts and conclusions of law.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 504.*]

2. EXECUTORS AND ADMINISTRATORS (§ 504*)—PROCEEDING TO SETTLE ACCOUNTS· —OBJECTIONS—ISSUE OF FACT—TRIAL ON AFFIDAVITS.

The trial of such a question on affidavits, instead of oral testimony,. should be discouraged, particularly where nice questions, both of fact and of law, are involved.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 504.*]

Appeal from Surrogate's Court, Westchester County.

In the matter of the judicial settlement of the account of Grace S. Sloane, administratrix of Douglas Sloane, to which Maggie Sloane Mills and others objected. From a decree settling the account (118 N. Y. Supp. 555), the administratrix appeals. Reversed, and remitted to the Surrogate's Court for a further hearing.

Argued before WOODWARD, JENKS, BURR, RICH, and MIL-LER, JJ.

Chester A. Jayne, for appellant.

Eugene D. Boyer, for respondent Mills.

Theodore M. Hill, special guardian for infant respondents.

PER CURIAM. The account of the administratrix and the objections thereto raised an issue of fact. Matter of Woodward, 69 App. Div. 286, 74 N. Y. Supp. 755. That question was tried on affidavits,. instead of oral testimony, a practice to be discouraged, particularly where, as here, nice questions both of fact and of law are involved. It was important to show definitely the agreement, pursuant to which the· bond and mortgage of February 11, 1892, were given, the agreement pursuant to which the deed of August 10, 1892, was given, and the ʼintention of the parties to both transactions. Even though affidavits,. in place of oral testimony, were received, the trial was the trial of an issue of fact, and a decision, as required by section 2545 of the Code· of Civil Procedure, was necessary to support the decree. Although both sides request a decision on the merits, we have no alternative but to reverse the decree, and remit the proceedings to the Surrogate's· Court.

Decree of the Surrogate's Court of Westchester county reversed, with costs. to the appellant, and proceedings remitted to the Surrogate's Court for further hearing and decision, as required by section 2545 of the Code of Civil Procedure.