REITZFELD et al. v. HARRIS et al.

(Supreme Court, Appellate Division, First Department. February 18, 1916.)

1. CONTRACTS ⬤⇒350—SUFFICIENCY OF EVIDENCE—TERMS.
    In an action for damages for breach of an alleged contract to form a corporation, on certain terms as to capital, of the business of which plaintiffs were to have exclusive control, evidence *held* not to show that defendants agreed to plaintiffs' exclusive control.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1819–1823; Dec. Dig. ⬤⇒350.]

2. WITNESSES ⬤⇒206—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.
    The testimony of the attorney who formed the corporation as to conversations in his office at that time in the presence of both the defendants and the plaintiffs was not privileged as confidential.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 761, 764, 765; Dec. Dig. ⬤⇒206.]

Appeal from Trial Term, New York County.

Action by Morris Reitzfeld and another against Michael Harris and another. From a judgment for the plaintiffs upon a verdict of a jury for $1,200, defendants appeal. Judgment and order reversed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Jacob M. Leibner, of New York City, for appellants.
Harry A. Goidel, of New York City, for respondents.

PAGE, J. This action is brought to recover damages for breach of an alleged contract whereby the two plaintiffs and the two defendants agreed to form a corporation for the purpose of manufacturing mantels and woodwork. The complaint alleges that the plaintiffs agreed to transfer to the corporation all the property and outstanding accounts of a copartnership, in which they had been engaged in similar work, at a valuation of $1,600. Defendants agreed to transfer to the corporation $3,000 in cash and $1,500 worth of machinery. The $6,100 of capital thus created was to be divided, and $800

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

thereof given to each plaintiff and $4,500 to the defendants jointly. It is further alleged in the complaint that the defendants agreed to permit the plaintiffs to be in exclusive charge and control of the business and to receive each a salary of $20 per week and 25 per cent. of the net profits of the business. The breaches of the contract alleged are that defendants failed to invest the said $4,500 in the corporation, failed to turn over $1,600 worth of stock to the plaintiffs, refused to permit plaintiffs to draw $20 per week salary, and prohibited the plaintiffs from managing and controlling the business.

[1] The two plaintiffs, who were the only witnesses in support of their case, testified to the foregoing agreement. The only breaches attempted to be shown, however, were that plaintiffs received only $10, and sometimes $15, weekly salary during the five months that the corporation continued business, and that they did not receive their stock in the company as agreed, and were not allowed to manage and control the business. The court ruled out the damages for loss of salary, and confined the case to a recovery of the money or property which the plaintiffs had invested.

The defendants showed that they had invested the $4,500 in the corporation as agreed, and that the stock was issued to the plaintiffs each in the sum of $800 according to the contract. They denied the agreement to pay $20 weekly as a salary to each of the plaintiffs, and denied the agreement to allow the plaintiffs to control the corporation exclusively. The by-laws of the corporation, signed and duly approved by all four of the parties to the agreement, were placed in evidence, and provided that the president of the company, who was one of the defendants, was to have general control and management of its business and affairs in the recess of the board of directors, which body was to consist of three members and had general management of the affairs of the corporation.

The attorney who incorporated the company testified that he fully read and explained the by-laws, minutes, etc., to all four of these parties in Yiddish before they were adopted. It was shown that the corporation did not succeed, and its assets and business were sold to satisfy the claims of a judgment creditor. If the jury found that the defendants agreed to allow the plaintiffs exclusive control of the corporation, in spite of the express provisions of the by-laws to the contrary, I am of the opinion that the verdict was against the weight of evidence. The record contains no competent evidence of a breach of the defendants' agreement to invest $4,500 in the corporation. Most of the testimony given on behalf of both parties was rambling and almost unintelligible. Not one of the four parties seemed able to tell a consecutive story of what was said and done.

[2] The only disinterested and intelligent witness called to the stand was the attorney who formed the corporation. He was asked to testify as to conversations which took place in his office at the time of the incorporation in the presence of all four parties. This was excluded, on the ground of privilege of counsel. This was clearly error, since the conversations were had in the presence of all of the parties, and were not confidential communications. Whether these con-

versations would have thrown any light on the real agreement of the parties, it is impossible to say.

The judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event. Order filed. All concur.