In the Matter of the Estate of ALFRED ZAISS, Deceased.

Surrogate's Court, Kings County, May 11, 1933.

*Geis, Forman & Schulze* [*H. B. Forman* of counsel], for the petitioners.

*Stephen K. Rapp* [*Arthur Leff* of counsel], for the contestant.

WINGATE, S. In *Green* v. *Selznick* (220 App. Div. 12), Presiding Justice HUBBS, now of the Court of Appeals, writing for the unanimous court, said in part (at p. 14): "Under section 288 of the Civil Practice Act a party to an action is entitled to an examination of his adversary before trial upon facts which are material and necessary to establish his cause of action or affirmative defense. Since the enactment of the Civil Practice Act the courts have repeatedly held that section 288 thereof should receive a liberal construction to the end that the involved technical practice followed under section 870 of the Code of Civil Procedure may not restrict the valuable right of examination before trial. (*Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 App. Div. 752; *National Fire Ins.*

Co. v. *Shearman*, 209 id. 538; *Fulton* v. *National Aniline & Chemical Co.*, 214 id. 846.) "

The provisions of section 288 of the Civil Practice Act apply to the Surrogate's Court (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84, 86), with the result that " Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action."

In this department the rule has been stated that such an examination is permissible to enable the applicant to prove his own case (*Oshinsky* v. *Gumberg*, 188 App. Div. 23, 24), which, in a probate proceeding, means those issues in connection with which the burden of proof rests upon him. The present application comes within this rule. Examination is sought by proponents of the contestants on the issues of

" 1. Whether or not the deceased was of sound mind, memory and understanding and mentally capable of making a will on December 20th, 1929 the date of the ˜ecution of his will now being contested.

" 2. Whether or not the said decedent knew the contents of said will dated December 20th, 1928. and whether or not it expressed his testamentary intention."

These issues are expressly raised by the objections to probate interposed by the contestants, and on both the proponents have the burden of proof. (*Matter of Mullin*, 143 Misc. 256, 257, 258, and cases cited.) The fact that a preliminary demonstration may impose upon the contestant the burden of going forward does not alter the severity or effect of the ultimate burden of demonstration which rests upon the proponent.

It follows that examination of the contestants is a matter of right, the materiality of which is not for the latter to determine.

It is doubtful whether any motion to vacate such a notice has ever failed to assert that its purpose was a " fishing excursion." Such a statement is merely a conclusion in any event, and is not one which appeals to a court whose procedure is directed to the determination of the rights of the situation rather than to a game of wits. At any rate, the statute grants the proponents certain piscatorial rights in the situation here disclosed.

There is no merit whatsoever in the contention that the matters upon which examination is sought are not stated with sufficient definiteness.

The motion to vacate is accordingly denied, with costs.

Enter order on notice accordingly.