# In the Matter of the Estate of Isaac Rubin, Deceased.

Surrogate's Court, Kings County, December 10, 1936.

*Deborah Hauft* [*George Natanson* of counsel], for the petitioner, Isaac Gluckman.

*Horowitz & Hurwitz,* for the contestant, Berkie Rubin, widow of decedent.

WINGATE, S.  The present motion seeks, in substance, relief of four specified varieties, namely, *first,* the examination before trial of the contestant in the present probate proceeding; *second,* a like examination of a person who is neither a statutory distributee of the decedent nor a beneficiary named in the will, but is a nominated executor who has not joined in the petition for probate, nor taken any part in the proceeding other than to file a notice of appearance after service of a citation; *third,* a like examination of the physician and nurses who attended the decedent during his last illness; and *finally,* a direction to the contestant to issue an authorization for the inspection by the proponent of the hospital records of Mt. Sinai Hospital relating to the deceased, or, in the alternative, for a discovery of such records by the hospital.

The right to the examination of the contestants in respect to the issues upon which the proponent must bear the burden of proof is not the subject of controversy and is permissible on well-established principles. (*Matter of Zaiss,* 147 Misc. 616, 617; *Matter of Andriola,* 160 Id. 775, 776.)

The propriety of grant of the remaining items of the desired relief is earnestly controverted and is sought to be sustained on differing grounds, which will be examined in order.

The status of the nominated but non-participating executor is involved in some doubt.  Although named as an interested party in the supplementary petition for probate, and served with a citation, he has failed either to join in the petition for probate or to interpose any objections thereto, wherefore his action, or rather non-action, must be deemed a substantial admission of the allegations of the petition (*Matter of Brady,* 155 Misc. 242, 244; affd., 246 App. Div. 619; *Matter of Melzak,* 153 Misc. 600, 604, 605; *Matter of Ayvazian,* Id. 467, 476; *Matter of Kananack,* 155 id. 35, 37), with the result that, so far as the record is concerned, he is not an adverse party to the proponent, but one who, on the record, seeks probate of the will.

The proponent, however, earnestly asserts that his named coexecutor is in reality an adverse party in the probate proceeding and that he has evinced hostility to the probate of the will.  For his demonstration in this regard, the applicant, in his moving papers, preponderantly relies on his failure to join in the petition for probate.  In this aspect of the case, the movant receives some aid

from the opposing affidavit of the named coexecutor himself, which indicates a substantial doubt as to the propriety of probate of the propounded document.

The question is, therefore, presented as to whether an examination of a party is permissible under sections 288 *et seq.* of the Civil Practice Act, where such party is not an adverse party so far as is discernible from the record pleadings in the proceedings. This question was answered in the affirmative in *Matter of Vail* (120 Misc. 430, 432), where the learned surrogate of Orange county permitted such an examination of a legatee who had not been cited and had not appeared, but who had been served with a notice of the filing of objections and of trial pursuant to section 148 of the Surrogate's Court Act.

Whereas this holding might be deemed a logical interpretation of the legislative intent in the alteration in section 288, which permitted the examination of " any other party " (Laws of 1926, chap. 371) in place of the previous limitation thereof to " an adverse party " (Laws of 1920, chap. 926), particularly in view of the oft-repeated adjuration that the right accorded should receive a liberal construction (See *e. g., Brand* v. *Butts,* 242 App. Div. 149, 150), the determinations of the Appellate Division of the Second and First Departments (*Nixon* v. *Beacon Transportation Corporation,* 239 App. Div. 830, 831; *Kozuch* v. *Bachmann,* 244 id. 250, 252) seem clearly to limit the right of examination in such cases to instances in which examination as a witness would be permissible and this position appears to be conceded by the proponent.

It is further conceded by the proponent that under ordinary circumstances the examination of a witness before trial is not permissible. (*American Woolen Co.* v. *Altkrug,* 139 App. Div. 671, 672; *McCullough* v. *Auditore,* 216 id. 510, 512; *Matter of Ebbets,* 149 Misc. 260, 271; 153 id. 775, 777, 778; *Matter of Swahn,* 158 id. 17, 22.) He contends, however, that the facts existing in the present case are sufficient to justify the grant of the relief under the final sentence of section 288 of the Civil Practice Act, which permits the examination of a witness who is without the State, about to depart therefrom, who resides more than one hundred miles from the place of trial, " or is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial, or other special circumstances render it proper that his deposition should be taken."

There is no suggestion that this witness is sick or infirm or that he will not be available as a witness at the trial, the sole assertion being that " special circumstances " here exist warranting his

preliminary examination, by reason of his noted asserted hostility to the validation of the will.

The question is thereupon presented as to whether the mere fact that a party who by reason of his default in answer has in effect joined in the prayer of the petition, entertains views adverse to the contentions of the proponent, is, in itself, a sufficient " special circumstance " to warrant his examination as a witness before trial.

If the principle of *noscitur a sociis* were to be applied in determining the connotation of this portion of the enactment, it would seem to follow that the " special circumstances," there envisaged by the Legislature, were such as might tend to indicate the probable unavailability of the particular individual as a witness on the trial of the issues. A search of relevant precedents demonstrates that such has been the substantially uniform interpretation of its meaning.

In *Town of Hancock* v. *First National Bank of Oxford* (93 N. Y. 82, 86) the court observes: " These ' other ' circumstances evidently mean such as will make the presence and evidence of the witness at the trial doubtful and uncertain, and relate to his personal condition and purposes as bearing upon the probability of his future attendance."

*American Woolen Co.* v. *Altkrug* (139 App. Div. 671, 672) adds the further admonition that " the special circumstances, relied upon, must be such as to justify a well-grounded apprehension at least that the examination of the witness cannot be had upon the trial as well as before trial," thus repeating the observation made in *Automobile Club of America* v. *Canavan* (128 App. Div. 426, 428). That the rule in this department conforms to this conception of the law is demonstrated by *Brannon* v. *O'Mara* (193 App. Div. 892) and *Lovasz* v. *Fowler* (209 id. 169, 170).

The court is accordingly of the opinion, as observed in the last cited case, that the presently demonstrated condition " is not a special circumstance, but a very ordinary circumstance, in fact one that would be present in nearly all cases where an examination was attempted." The application in this respect is accordingly denied.

The application for the examination before trial of the physician and nurses is predicated by the movant on the recently enacted section 296-a of the Civil Practice Act. It is entirely true, as he indicates, that this provision became a separate entity in the act only pursuant to chapter 139 of the Laws of 1936, but in this process it was removed verbatim from the fifth to seventh sentences of section 354 of the act as previously existing, in which, and its predecessors, it had been incorporated since 1899 (Laws of 1899, chap. 53).

Whereas, were it necessary for determination, this court would be inclined to agree with the determination in *Paparone* v. *Ader* (139 Misc. 281, 282) that such an examination could never be deemed a substitute for an examination in open court on the trial of so important an issue as a will contest, it is sufficient for present purposes to note that the exception, if any, here made, to the usual rule inhibiting the examination of a witness before trial, is in terms limited to " an action for the recovery of damages for a personal injury." A contested probate does not comply with this limiting description. The reference to section 354 of the Civil Practice Act in the final sentence of the newly isolated enactment obviously refers only to the provisions respecting waiver of professionally confidential information.

It follows that there is no more warrant in the law for the examination before trial of these witnesses than for that of the one previously considered.

Approaching the consideration of the final item of relief sought, the general situation deserves comment. The petitioner was the attorney for the decedent and the draftsman of the will which named him as an executor. According to the uncontroverted allegations of the petition, he had not been in contact with the decedent for some months prior to his death except upon the renewal of directions for preparation of the will and its execution. In conformity with his legal and moral duty, he has propounded the document. Its admissibility to probate is contested by the widow, who has apparently enlisted all concerned in a conspiracy of silence against the petitioner, and has interposed every available obstacle in the path which would lead him to relevant information essential for the support of the burden of substantiation resting upon him. In view of his inevitable lack of personal knowledge and the obstacles interposed against him, the task imposed upon him is proving onerous to an unusual degree. He is but acting in the performance of his duty and should be aided by the court in acquiring any relevant information respecting the competency of the testator, in so far as this is permissible according to established rules of law. If the testator lacked testamentary capacity as a matter of fact, this should, and undoubtedly will, result in a denial of probate. The trial of this issue should not, however, be permitted to degenerate into a jockeying for technical and unfair position on the part of the contestant. If she is determined to base her success on such grounds and to ignore or attempt to suppress the merits, as her present attitude gives grounds for suspicion, the court in the interest of justice should do what it may to thwart an effort so subversive of an equitable result. The proponent is ignorant

of the identity of the nurses who attended the decedent and his inquiries have elicited no information. The attending physician, acting apparently on the direction of the contestant, has refused co-operation. Even an inspection of the hospital records is denied him, since the hospital will not permit their view without an order from the physician, and the latter will not issue such a direction without an authorization from the contestant. All this argues ill for the merits of the contestant's case. The inference is strong that her refusal to permit the inspection of pertinent written records is based on the conviction that such a course would be injurious to her contest; in other words, would tend to demonstrate the validity of the will.

It is obvious from the uncontroverted allegations of the record that under the rules of professional and institutional ethics pertinent to such questions, the contestant, and she alone, has it in her power to make these records available to the proponent. In this situation, they are " under her control " within the contemplation of section 324 of the Civil Practice Act in a very real sense. It follows that the fourth relief sought by the petitioner, namely, that the contestant furnish him with an authorization directing the physician and hospital to permit him to inspect the records, should be granted.

Enter order on notice in conformity herewith.