In the Matter of the Estate of IDA THALER, Deceased.

Surrogate's Court, Kings County, January 12, 1937.

*John E. Porte*, for Herman Thaler, as administrator, accountant.

*Julius P. Fischler*, for Anna Kessel, general guardian for May Schneider, infant distributee and next of kin, objectant.

WINGATE, S. The present motion seeks an order directing an examination of the accounting administrator and also of two of his adult children who are statutory distributees of the estate. The application is made on behalf of the guardian of an infant child of a predeceased child of the decedent, who, of course, is a statutory distributee of this decedent, and who has filed objections to the account. No objections have been filed by the two statutory distributees whose examination is sought in addition to that of the administrator.

All parties apparently treat the proposed examination as in all respects one before trial, and thus subject to the provisions of sections 288 *et seq.* of the Civil Practice Act. As to the accounting administrator, this supposition is incorrect. His inquisition respecting all matters pertaining to the administration of his trust is regulated by section 263 of the Surrogate's Court Act, which is exclusive of any rights under the Civil Practice Act and is wholly independent thereof (*Matter of Van Volkenburgh*, 128 Misc. 819, 822; affd., 226 App. Div. 10; affd., 254 N. Y. 139; *Matter of Ebbets*, 149 Misc. 260, 264), affording much wider latitude of inquiry than that which is permissible in the ordinary examination before trial since it extends " to any matter relating to his administration of the estate or fund." Such examination of the administrator is accordingly permissible in the present instance.

Authority to examine the other two individuals must, however, be found, if at all, in the provisions of section 288 of the Civil Practice Act. This section authorizes the examination of " any other party " to an action or proceeding in so far as this is demonstrated to be " material and necessary in the prosecution or defense." Assuming, as seems to be the tendency of appellate decisions, that such examination is permissible only in respect to adverse parties (Cf. *Matter of Rubin*, 161 Misc. 374), the question is presented as to whether these distributees who are parties to the proceeding and have defaulted in answer are " adverse "

parties to the applicant within the proper connotation of the term.

It is thoroughly established that in an accounting proceeding, the account and any objections which may be interposed thereto constitute the pleadings upon which the issues in the proceeding are triable (*Matter of Hart*, 60 Hun, 516, 517; *Matter of Heuser*, 87 id. 262, 266; *Matter of Sloane*, 135 App. Div. 703; *Matter of Brady*, 111 Misc. 492, 500), wherefore, as to any party to the proceeding, the filing of objections is the only method of answer to the allegations of the petition and account. (*Matter of Melzak*, 153 Misc. 600, 604.) " Every item and allegation of the account tenders a potential issue which is joined only when an objection is expressly interposed thereto," and " as to each item or allegation to which no objection is interposed, * * * the account stands proved *pro confesso* except in as far as it may be patently contrary to law " (pp. 604, 605).

It follows, as a logical sequence, that where any party to a surrogate's proceeding fails to answer, he, in effect, joins in the prayer of the petition (*Matter of Brady*, 155 Misc. 242, 245; affd., 246 App. Div. 619), and thereby, as a matter of record, aligns himself with the petitioner in seeking the relief prayed by the latter. (*Matter of Rubin, supra*.) He thus adopts a position which is in conflict with any other party seeking a disposition of the assets of the estate and of the proceeding for its settlement differing from that sought by the petitioner. He, in a very real sense, thus becomes an adverse party to any objectant and comes within the spirit as well as the letter of the rule which renders him subject to examination as such.

In the present case it is alleged and not denied that certain potential assets of the estate were disposed of prior to the issuance of letters of administration, and the inference is deducible from the statements made that the accountant who subsequently received letters and the other distributees whose examination is sought conspired to appropriate assets of the estate or their value to their own use to the prejudice of the petitioner's infant ward.

Since the sole objections to the application are directed against the right to examine at all, and not to the scope of the examination sought, and the right to examination is sustained, the respondents will be directed to submit to the inquisition as prayed.

Enter order on notice in conformity herewith.