In the Matter of the Estate of WILLIAM RICE HOCHSTER, Deceased.

Surrogate's Court, Westchester County, September 24, 1937.

*Duer, Taylor, Wright & Woods,* for Adam C. King, Albert J. Seligsberg and the Central Hanover Bank and Trust Company, as executors, etc.

*Samuel Gutterman [Harold Pomerantz* of counsel], for Rebecca Elizabeth Hochster, objectant.

*Olvany, Eisner & Donnelly [John B. Creegan* of counsel], for Jeannette Hahlo, legatee.

*Frederick W. Sperling,* for Geraldine E. Blume and William R. Blume, objectants.

*Carpenter, Whit & Landau,* for the Title Guarantee and Trust Company and Jeannette Hahlo, trustees.

SHEILS, S. This motion, submitted on behalf of Jeannette Hahlo, a legatee under the last will and testament of the above-named decedent, is for an order vacating or modifying a subpœna and notice of examination before trial served upon her pursuant to the provisions of section 288 *et seq.* of the Civil Practice Act.

Rebecca Elizabeth Hochster, the widow of the decedent, has filed objections to the account of these executors. Objections were also filed by Geraldine E. Blume and William R. Blume, legatees under the will. Jeannette Hahlo, the party sought to be examined, although cited in the proceedings, did not file any objections to the account.

Under the terms of the will of this decedent, which was executed on October 20, 1933, and admitted to probate on January 16, 1934, the bulk of the estate was left to Jeannette Hahlo, a friend of testator. The widow was left only the nominal sum of $250. She has filed a notice of election to take against the will, pursuant to section 18 of the Decedent Estate Law. The decedent having left no issue, the widow under her election will be entitled to receive one-half of the net estate. This election, accordingly, affects the interest of Jeannette Hahlo. It is claimed that the widow, Rebecca Elizabeth Hochster, was separated from the decedent, her husband, for a number of years prior to his death and that there was a very close relationship existing between the decedent and Jeannette Hahlo up to the time of his death.

The items upon which an examination of the said Jeannette Hahlo is sought are contained within paragraphs numbered first, second and third of the objections filed by the widow. These items deal entirely with property in the hands of Jeannette Hahlo

which the contestant claims is the property of and belongs to the decedent and should be accounted for by the executors. Specifically, these items consist of a ".Queen Anne Walnut and needlepoint love-seat" valued at $900, and the sum of $3,000 claimed to have been received by the said Jeannette Hahlo prior to the death of the decedent to be used in his behalf and which is now the property of and belongs to his estate.

The notice of examination calls for an examination of the legatee, Jeannette Hahlo, upon the following subject-matters:

" 1. That the said Jeannette Hahlo has or had in her possession, a certain ' Queen Anne Walnut and needlepoint love-seat,' which is the property of and belongs to the decedent, William Rice Hochster.

" 2. That the said Jeannette Hahlo received from the decedent, just prior to his death, the sum of $3,000, through Seligsberg & Company, which money was to be used in behalf of the decedent, and which money is the property of and belongs to the decedent.

" 3. That the said Jeannette Hahlo was in possession or is now in possession of certain properties, which is the property of and belongs to the decedent.

" 4. That the said Jeannette Hahlo received from the decedent, prior to his death, other moneys to be used in behalf of the said decedent, through Seligsberg & Company, and others, which is the property of and belongs to the said decedent."

The widow claims that the information sought is purely within the knowledge of the said Jeannette Hahlo and that her examination is proper and necessary in connection with this accounting proceeding.

The authority for an examination before trial in the Surrogate's Court is found in section 316 of the Surrogate's Court Act. (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84.) In 1 Jessup-Redfield (§ 190a, p. 332), under the title of " Ante-litem proceedings," it is said that " The surrogate may direct such aids to clarifying the issues or to simplifying the trial as bills of particulars, *Matter of Ross*, 115 Misc. 41; affd., 197 App. Div. 933, or examinations before trial. If he do so, he does it under the Rules of Civil Practice." (*Matter of Sperry*, 138 Misc. 549.)

The right to an examination before trial rests largely in the discretion of the court and the statute itself places no limitation on the right to examination except that the evidence must be material and necessary in the prosecution or defense of the action or surrogate's proceeding. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316; *Matter of Montgomery*, 153 Misc. 419; *Matter of Smathers*, 152 id. 774.) In the last-mentioned case the court said: " The application, however, will only be granted in the exercise of a sound discretion in the ascertainment of truth and the

advancement of justice, but it must appear that the evidence is competent, relevant and material to the issues, unknown to the party seeking it and in the possession of the adverse party. (*Murphy* v. *Keenan*, 101 Misc. 443; affd., 183 App. Div. 923.)"

In *Matter of Thaler* (161 Misc. 615, 617) the court, in directing the examination of the statutory distributees, said:

" It follows, as a logical sequence, that where any party to a surrogate's proceeding fails to answer, he, in effect, joins in the prayer of the petition (*Matter of Brady*, 155 Misc. 242, 245; affd., 246 App. Div. 619), and thereby, as a matter of record, aligns himself with the petitioner in seeking the relief prayed by the latter. (*Matter of Rubin*, 161 Misc. 374.) He thus adopts a position which is in conflict with any other party seeking a disposition of the assets of the estate and of the proceeding for its settlement differing from that sought by the petitioner. He, in a very real sense, thus becomes an adverse party to any objectant and comes within the spirit as well as the letter of the rule which renders him subject to examination as such.

" In the present case it is alleged and not denied that certain potential assets of the estate were disposed of prior to the issuance of letters of administration, and the inference is deducible from the statements made that the accountant who subsequently received letters and the other distributees whose examination is sought conspired to appropriate assets of the estate or their value to their own use to the prejudice of the petitioner's infant ward."

Following the principles laid down in the foregoing case, the facts of which are very similar to those in the instant case, it may be considered, therefore, that the legatee, Jeannette Hahlo, having filed no objection to the account, is thereby deemed to have joined therein. Naturally she would wish approval of the account in its present form. On the other hand, and looking at it from the standpoint of the widow, it is material to her interests that all the property properly belonging to the decedent at the time of his death should be included in the account of the executors. Upon the facts shown, I am of the opinion that the examination of the legatee, Jeannette Hahlo, before the trial of the objections herein, is proper. The motion is, accordingly, denied.

Settle order on notice.