S. Samuel Di Falco, S.
This is a motion by the contestant in a probate proceeding to vacate a notice of examination before trial served by the proponent. The contestant, sister of deceased, has objected to probate on grounds of execution, testamentary capacity and fraud and undue influence. The notice of examination requires the contestant to submit to examination as to “ All the relevant facts and circumstances relating to the issues raised by * '* * [each] objection of the ” contestant. Contestant moves to vacate this notice of examination.
The contestant’s principal contention is that proponent cannot examine contestant on any issue or any “ side ” of an issue the burden of proof of which is on the contestant. The leading case on this question is Marie Dorros, Inc. v. Dorros Bros. (274 App. Div. 11). It established the rule that in examination *688 before trial the burden of proof does not control but is only to be considered as one element affecting the materiality and the necessity of the examination. Prior to this case, a more arbitrary rule prevailed whereby a motion for an examination before trial would be denied if the burden of proof was not on the movant. (Matter of Jacobs, 176 Misc. 639, affd. 263 App. Div. 829; Matter of Andriola, 160 Misc. 775; Matter of Montgomery, 153 Misc. 419.) Since Marie Borros, Inc. v. Borros Bros, (supra) examinations before trial have been granted in many instances where the burden of proof was on the party to be examined. (Matter of Kahn, 274 App. Div. 900; Matter of Held, 83 N. Y. S. 2d 656; Matter of McConnell, 107 N. Y. S. 2d 258; Robinson v. Goldberg, 94 N. Y. S. 2d 422.)
The proponent may examine contestant on the issue of decedent’s testamentary capacity. (Matter of McAvoy, 58 N. Y. S. 2d 624; Matter of Rubin, 161 Misc. 374; Matter of Zaiss, 147 Misc. 616; Matter of Martinez, N. Y. L. J., April 27, 1923, p. 344, col. 3.) The motion of the contestant to vacate the proponent’s notice of examination before trial is denied.
The motion of the contestant to examine the proponent before trial is granted as to the items set forth in the contestant’s notice of motion. The proponent may be examined as to the issues of fraud and undue influence covering a period of three years prior to the execution of the alleged last will and testament dated May 31, 1951 until the date of decedent’s death. Any books, papers or other documents in the possession of proponent bearing on the issues of fraud and undue influence are to be produced at the time of the examination.
Submit orders on notice.