Maurice D. Isenbergh, S.
(Opinion dated June 19, 1959.)
This is an application by the executrix, Elynor M. Dix, wife of the deceased and one of the proponents of his last will and testament, for the appointment of a temporary administrator. She, at the present time, has a motion before the court for permission to withdraw as a proponent and although in that motion she sought also to file objections she now asks to withdraw that part of the motion and does not. desire to file objections. The other executor and proponent, David Anchin, and the contestant, Rose Selby, sister of the decedent, join in this application. Named in the will as the first alternate executor upon the failure of David Anchin to qualify or continue to act as such executor is David M. Potts, whose firm is the attorney for the proponent, David Anchin. In the event of the failure of all three of these named executors to qualify or continue to act the will then names the Chemical Corn Exchange Bank in their place and stead. The court sought rvithout success to have the interested parties agree upon a temporary administrator.
Elynor M. Dix and David Anchin are the principal beneficiaries under the will offered for probate. Rose Selby is given a vested interest in one third of one trust fund and a contingent interest in another one third of the same fund, both in the event of the failure of Elynor M. Dix to exercise a power of appointment given to her. In a second trust fund consisting of the residue of the estate Rose Selby is given a vested interest in one third of the trust fund and a contingent interest in another one third. The main part of the estate consists of the decedent’s stock in four corporations, Port Morris Sales Co. Inc. (hereinafter called Port Morris), Monroe Paper Box Co. Inc. (hereinafter called Monroe Paper Box), J. J. Dix, Inc., and the McClintock Corp. The Port Morris is the owner and operator of real estate in New York City which requires nego *866 tiation of leases and general supervision. The decedent had a 70% interest in this corporation, the other stockholders being Bose Selby and also the Sanley Co., which is a partnership consisting of Anna S. Anchin, Sarah K. Anchin and Ida. S. Block. Monroe Paper Box is in the business of manufacturing paper boxes which requires constant supervision, the purchase and sale of merchandise and cost controls. J. J. Dix Inc. is a sales organization for paper boxes, and the Me Clin took Corp. is the owner of real estate in the State of Pennsylvania. The decedent owned all the stock of the latter three corporations.
The contestant has filed the usual objections amongst which she charges the proponent, David Anchin, with fraud and undue influence. The petitioner, Elynor M. Dix, requests that she or some other suitable person be appointed temporary administrator. Bose Selby, the contestant, urges the appointment of Elynor M. Dix. The proponent, David Anchin, objects to the appointment of Elynor M. Dix but does not request his own appointment or that of David M. Potts and asks the court to appoint the Chemical Corn Exchange Bank the alternate executor named in the will. I have carefully considered the affidavits presented on this motion and have concluded that neither Elynor M. Dix nor David Anchin should be appointed temporary administrator. I am thoroughly familiar and in agreement with the statement that has practically become a rule that “ In an ordinary case, consideration is first given to the persons selected by the maker of the will as executors of his estate.” (Matter of Erlanger, 136 Misc. 793, 794, affd. 229 App. Div. 778.) This statement in slightly different language was reiterated in Matter of Craig (8 Misc 2d 231). However, this is one of those extraordinary cases where the application of the rule does not apply to Elynor M. Dix or David Anchin. Elynor M. Dix started out as a proponent of the will. During the course of the preliminary examination of witnesses under section 141 of the Surrogate’s Court Act she was in constant communication with the contestant. Some days after the conclusion of the examination she asked the court for permission to withdraw as a proponent and for leave to file objections. She has now asked permission to modify that request and desires to withdraw as a proponent but does not want to file objections. The bulk of the estate consists of stock in the corporations hereinbefore mentioned. Nowhere in her affidavit does she allege her familiarity with the business of the corporations nor does she denote any previous business experience. Her home is in Bensselaer County and most of the business of the corporations is conducted in New York City. One assumption to be *867 taken from the provision in the will, which states that in the event of any dispute between the executors of the will in the administration of the estate the decision of David Anchin or David M. Potts shall be controlling, is that the decedent although having absolute trust in his wife did not believe that she had sufficient business judgment of her own. It may be that this provision is invalid but that question is not now before the court. However, this assumption gives evidence of the precaution of the decedent in matters of business that might arise in the settlement of the estate. In any event her uncertainty demonstrated by the various changes in her position in the matters before the court has resulted in my conclusion that she should not be appointed temporary administrator.
The proponent, David Anchin, is a lawyer and certified public accountant. His active pursuit seems to be accountancy and he was decedent’s accountant. Members of his family under the name of Sanley Co., a partnership, were stockholders in Port Morris during the lifetime of the decedent. His affidavit indicates that he was familiar with the intricacies of the business enterprises of the decedent. However, he does not seek his own appointment. In the will before the court Mr. Anchin is the second largest beneficiary. He has been accused of fraud and undue influence. To be more specific, the contestant accuses Mr. Anchin who had a position of confidence with the decedent of taking a part in the details leading, up to the drawing and execution of the will, whereby he, Mr. Anchin, became one of its principal beneficiaries. She further alleges in her affidavit that she is informed that since the death of the decedent Mr. Anchin claims to be a director and president of each corporation, either having placed himself in those positions through his control of the sole surviving director or having been placed in those positions because he, Anchin, is under the control of the sole surviving director. In any event it may be stated that Mr. Anchin has been acting as sort of a general manager. In view of these allegations Mr. Anchin has rightfully not requested his own appointment as he might be placed in an unenviable position and subject to continual criticism and harassment whether it be warranted or not. Having decided that neither Elynor M. Dix nor David Anchin should be appointed temporary administrator, the question now to be decided is: “ Should the court appoint the Chemical Corn Exchange Bank or some stranger 1 ” • Again the rule in the Erlanger and Craig cases (supra) must be borne in mind. However, a late decision in the Third Department (Matter of Gaul, 6 A D 2d 949) cites several of the leading cases and dis *868 cusses what the court must consider in making the appointment. That case has been my guide in arriving at a decision in this matter. The petitioner, seeking her own appointment, asks in the alternative that some suitable person be appointed. She has filed no specific objection to the appointment of the Chemical Corn Exchange Bank. The contestant objects to the appointment of the bank and alleges that, because of certain conversations her attorney had with the assistant trust officer, the bank has become a partisan in this proceeding. The contestant also alleges she is fearful that the bank would designate the law firm of Mr. Potts as its counsel and continue Mr. Anchin in office as president of the corporations. She further alleges that her attorney was willing to agree to the appointment of the bank upon the following conditions: that her attorney’s firm, Mr. Potts’ firm, and the attorney for Elynor M. Dix all be retained as counsel and that Mr. Anchin step down as president and director of the corporations but be retained as accountant. However, Mr. Anchin would not consent to this arrangement. Thereafter the attorney for the contestant conferred with Mr. Finable, assistant trust officer of the bank, who was in charge of that department, Mr. Farrington, the trust officer with whom the previous conversations were had being out of town. Mr. Fimble stated that if appointed temporary administrator the bank would have to have a free hand to designate counsel and select the officers and directors of the various corporations ; that it might designate ICadel, Wilson & Potts as its counsel; that it had made no commitment to anyone and it usually designated as its counsel the attorney who brought it into the case but there might be circumstances where that would not occur. Upon further interrogation the bank refused to act under a qualified appointment by the court which would not give it free rein in its choice of counsel and officers of the corporations. It is from these conversations that the contestant charges the bank with being a partisan. None of these allegations charged the bank or any of its officers with fraud or undue influence. The bank is the alternate executor and trustee named in the will. It will function without furnishing a bond. Some of the other qualifications in its favor are set forth in the affidavit of the proponent, such as its experience in administration of estates and in the operation of business and manufacturing corporations; that it operates in New York City where Port Morris, owner of a commercial building which is the principal asset of the estate, is located; that the principal offices of the other three corporations are located there and their financial operations are conducted in that city and it has been a depository for Monroe Paper Box since 1956. '■
*869 There are other considerations that are important and must be given some weight. The decedent maintained a personal checking account in that bank at the time of his death. The bank made an unsecured loan to decedent as shown by the bank statement attached to proponent’s affidavit. A letter from the bank is addressed to the decedent by some bank officer and the salutation is Dear Munroe. It would seem that the decedent was on very friendly terms with someone in authority in the bank. I do not believe it would be proper for me upon making the appointment of this bank or any other bank to surround the appointee with restrictions telling it what it cannot do as suggested by the contestant. An administrator’s duties are to conserve the assets of the estate and to act in a manner at all times for its benefit. The administrator will have power to represent the estate and protect its interests in these corporations. It should perform its duties without partiality and in the best interest of the estate. For improper stewardship it is accountable and liable. In seeking advice and direction on legal matters it ought to have the right to choose its own counsel. No other rule should prevail. I make no attempt to tell the administrator whom it should employe as counsel or what changes it should make in the corporations. After taking possession of the assets the administrator will represent a controlling interest in all four corporations and if it should decide it is not practical or for the best interest of the estate for it to employ Mr. Potts’ law firm as its counsel or to retain Mr. Anchin in his present positions, then it should act accordingly. The interests of all the parties concerned should be its interest and its dealings should be fair and aboveboard. I have no doubt that the bank will properly perform its duties and I do not think that a nominated executor in the will who has taken no part in the proceedings before the court should be cast aside as proposed by the contestant. For the foregoing reasons in the exercise of my discretion I will appoint the Chemical Corn Exchange Bank temporary administrator of the estate.
Submit order on notice accordingly.
(Opinion dated November 9, 1959,)
Application has been made to this court by the contestant, Rose Selby, and Elynor M. Dix, widow of the decedent, a legatee and devisee, (a) to vacate an order, dated July 27, 3959, which appointed the Chemical Corn Exchange Bank as temporary administrator, and (b) for the appointment of another qualified bank as temporary administrator.
*870 The temporary administrator has filed a cross motion pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice seeking dismissal of the application.
After hearing George J. Hirsch, Esq., of counsel for the contestant, and Morris Simon, Esq., of counsel for Elynor M. Dix on behalf of the petitioners, and James E. Brearton, Esq., of counsel for the Chemical Corn Exchange Bank (now Chemical Bank New York Trust Company), the temporary administrator, in opposition thereto and after reading the affidavits and memoranda submitted on behalf of the respective parties and considering all the relevant facts and circumstances and upon all the proceedings heretofore had herein and after due deliberation -thereon, the court decides and finds as follows: The application of the petitioners should be denied in all respects, and the motion to dismiss the petition should be granted. Submit order accordingly.
(Opinion dated January 4, 1960.)
This is an application by Elynor M. Dix, widow of the decedent, a legatee and devisee, for an order adjudging that Kadel, Wilson & Potts, Esqs., and any members or associates of said firm be disqualified from acting in this proceeding, directly or indirectly, as attorneys for David C. Anohin, proponent, and for Chemical Corn Exchange Bank, as temporary administrator, and for an order enjoining and prohibiting Kadel, Wilson & Potts, Esqs., and its members and associates from acting as attorneys for said proponent and for said temporary administrator, and for all such other and further relief as to the court may seem just and proper. The contestant, Bose Selby, has filed an affidavit in support of said application. David M. Potts as a member of the law firm of Kadel, Wilson & Potts, Esqs., on its behalf and also as alternate executor and trustee named in the will offered for probate herein and in such capacities, and David C. Anchin, have each filed an answering affidavit in opposition to said application and ask that the motion in all respects be denied.
They have also filed a cross motion: (a) for an order adjudging that Joseph B. Mulholland, Esq., and Murphy, Aldrich, Guy, Broderick & Simon, Esqs., and the members and associates of said firm, including but not limited to Morris Simon, Esq., be disqualified from acting in this proceeding, directly or indirectly, as attorneys for Elynor M. Dix; and (b) also from acting as attorneys generally for Elynor M. Dix; and (c) for such other and further relief in the premises as the court may deem just *871 and proper. Krause, Hirsch, Gross & Heilpern, Esqs., attorneys for Bose Selby contestant, Joseph B. Mulholland, Esq., and Elynor M. Dix have each filed an affidavit in opposition to the cross motion and ask that the cross motion be denied.
The court will first take up the matter of the motion to disqualify the attorneys for the proponent and the temporary administrator. The basis of the application is as follows: Elynor M. Dix and David Anchin, executors named in the will of the deceased, Monroe L. Dix, engaged Kadel, Wilson & Potts, Esqs., as their attorneys and verified a petition for probate containing their oaths and designations as nominated executors on September 5, 1958. The papers were duly filed in this court on September 9, 1958. On September 26 Krause, Hirsch, Gross & Heilpern, Esqs., filed a notice of appearance on behalf of Bose Selby, a distributee. On September 29 a stipulation signed by Kadel, Wilson & Potts, Esqs., and Elynor M. Dix substituting Saul Grover Wlodaver, Esq., as attorney for Elynor M. Dix in place of Kadel, Wilson & Potts, Esqs., was filed in this court. Mr. Wlodaver in conjunction therewith filed a notice of appearance on behalf of Elynor M. Dix. Examination of the subscribing witnesses to the will -was had under section 141 of the Surrogate’s Court Act. Mr. Wlodaver was present representing Elynor M. Dix with Joseph B. Mulholland, Esq., who had apparently also been engaged by Mrs. Dix as her attorney or who was acting as counsel for Mr. Wlodaver. On a stipulation signed by Grover Wlodaver, Esq., and Joseph B. Mulholland, Esq., an order was entered on January 12, 1959 substituting Joseph B. Mulholland, Esq., as attorney for Elynor M. Dix. On June 19, 1959 a decision was handed down by this court appointing Chemical Corn Exchange Bank temporary administrator. On July 7, 1959 Murphy, Aldrich, Guy, Broderick & Simon, Esqs., appeared as counsel through Morris Simon, Esq., to Joseph B. Mulholland, Esq., engaged by Mrs. Dix and Mr. Mulholland. On July 21,1959 the court after permitting Mr. Simon to file an affidavit in opposition to the appointment of Chemical Corn Exchange Bank, by decision confirmed its original appointment of the bank. The bank, after entry of the order of appointment, qualified and entered upon its duties, employing Kadel, Wilson & Potts, Esqs., as its attorneys. They have acted as attorneys for David Anchin now the sole proponent since the inception of these proceedings, having sometime in May or June employed Wager, Taylor, Howd & Brearton, Esqs., as their counsel. Kadel, Wilson & Potts, Esqs., are at the present time attorneys for Mr. Anchin and the bank. Having read the affidavits and memoranda of the movant and *872 the contestant it is evident that they rely upon the following grounds for the disqualification of the attorneys for the proponent and temporary administrator: (a) confidential disclosures to Kadel, Wilson & Potts, Esqs., by their former client, Elynor M. Dix, and (b) the representation of interests in conflict with Elynor M. Dix and the acceptance of retainers on matters adversely affecting her interests.
These grounds are summed up in canon 6 of the Canons of Professional Ethics adopted by the New7 York State Bar Association, the pertinent part of which reads as follows: ‘1 The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client wdth respect to which confidence has been reposed.” The petition for probate is in the usual form and was signed and verified by the proponent David Anchin, and by Elynor M. Dix, both nominated executors, on September 5, 1958, in the office of Kadel, Wilson & Potts, Esqs. As of that date they became the attorneys for Mr. Anchin and Mrs. Dix. There is nothing in the record that suggests any other action was taken by them as her attorneys during the next 24 days except the preparing and serving of citations, and as heretofore noted on September 29 at her instance they ceased to be her attorneys and were replaced by Grover Wlodaver, Esq. The petition is on file in this court and is a public record. It is difficult to assume that there is a confidential disclosure by a client to her attorney upon the signing and verifying of a simple petition for probate. In any event, to assume that there was such a disclosure would be to forget that David Anchin was also a proponent and consulted Kadel, Wilson & Potts, Esqs., on the same matter and said law firm became the attorneys for both proponents and for their mutual benefit. The courts have repeatedly held that disclosures made where two or more persons consulted an attorney for their mutual benefit are not confidential (Wallace v. Wallace, 216 N. Y. 28, 35; Reitzfeld v. Harris, 171 App. Div. 403, 405; Lawless v. Schoenaker, 147 Misc. 626; Oursler v. Armstrong, 10 Misc 2d 654, 658-659).
As to the question of whether Kadel, Wilson & Potts, Esqs., are disqualified by reason of representing conflicting interests, they were the original attorneys for Mr. Anchin and Mrs. Dix as proponents of the will and are at the present time the attorneys for the- sole proponent, David Anchin, as above noted. Mrs. Dix in the meantime has changed her position. She was permitted to withdraw as a proponent by this court and, not *873 having filed objections, which she could have done, is now in the position of a devisee and legatee. I cannot describe her position more adequately than to quote from Matter of Rubin (161 Misc. 374, 375): “ The status of the nominated but nonparticipating executor is involved in some doubt. Although named as an interested party in the supplementary petition for probate, and served with a citation, he has failed either to join in the petition for probate or to interpose any objections thereto, wherefore his action, or rather non-action, must be deemed a substantial admission of the allegations of the petition (Matter of Brady, 155 Misc. 242, 244; affd., 246 App. Div. 6.19; Matter of Melzak, 153 Misc. 600, 604, 605; Matter of Ayvazian, Id. 467, 476; Matter of Kananack, 155 id. 35, 37), with the result that, so far as the record is concerned, he is not an adverse party to the proponent, but one who, on the record, seeks probate of the will.” The only difference in her position and that of the nonparticipating executor in the Rubin case (supra) is that at one time Mrs. Dix was a petitioner and shortly thereafter withdrew as such. She has chosen to be a legatee and devisee instead of a proponent or contestant and cannot in this proceeding be on both the side of the proponent and of the contestant. There is no demonstration that Kadel, Wilson & Potts, Esqs., have ever veered from their original position or that they have subsequently accepted retainers or employment from others in matters adversely affecting her interests in this case with respect to Avhich confidence has been reposed.
As to the retention of Kadel, Wilson & Potts, Esqs., as attorneys for Chemical Corn Exchange Bank, the following is taken from my opinion filed June 19, 1959: “ In seeking advice and direction on legal matters it ought to have the right to choose its own counsel. No other rule should prevail. I make no attempt to tell the administrator Avhom it should employ as counsel or what changes it should make in the corporations. After taking possession of the assets the administrator aatU1 represent a controlling interest in all four corporations and if it should decide it is not practical or for the best interest of the estate for it to employ Mr. Potts’ hiw firm as its counsel or to retain Mr. Anchin in his present positions, then it should act accordingly. The interests of all the parties concerned should be its interest and its dealings should be fair and aboveboard. I have no doubt that the bank Avill properly perform its duties ”. The bank is a neutral party uninterested in any claims of either party to the contest. Whatever it does Avill not affect the pending will contest. It has only to conserve the assets of the estate and in so doing it will at various times need legal *874 advice. It is responsible for any wrongdoing. The record does not show how any of the persons interested in the estate have been injured through retention by the bank of Kadel, Wilson & Potts, Esqs., as its attorneys or that they have taken an unfair advantage of any of the interested parties.
It is the opinion of the court that the matters alleged in the affidavits in support of this motion are insufficient to disqualify the attorneys for the proponent and the bank.
The basis of the cross motion of Kadel, Wilson & Potts, Esqs., to disqualify Joseph B. Mulholland, Esq., and Murphy, Aldrich, Guy, Broderick & Simon, Esqs., attorneys for Elynor M. Dix, as taken from the affidavit of David M. Potts, Esq., in support of said cross motion is as follows: “ (a) having joined with Anchin as petitioner in engaging deponent’s firm to offer decedent’s will for probate, (b) having substituted Saul Grover Wlodaver, Esq., as her counsel in her capacity as petitioner, (c) having joined Joseph B. Mulholland, Esq., as of counsel to Mr. Wlodaver in his representation of her as petitioner for probate and letters testamentary, (d) having substituted Joseph B. Mulholland, Esq., as her counsel, when she was yet a petitioner, (e) having unilaterally ultimately decided to withdraw as a petitioner, (f) having meanwhile obtained the benefit of confidences passed by Anchin’s counsel to her substituted counsel— Messrs. Wlodaver and Mulholland, while she was still a petitioner, as to contemplated measures and means for the probate of the will, (g) having given aid and comfort to contestant Selby in sitting with and passing notes to her and her counsel (and it is to be presumed by such actions, the confidences of Anohin’s counsel passed along to Elynor Dix’s counsel) — preposterously and belatedly seeks to deny Anchin the continued retention of counsel of his choice because of actions of her own doing, not only as to her representation but as to her status. ’ ’
This cross motion encompasses many of the same elements as the motion to disqualify Kadel, Wilson & Potts, Esqs., as attorneys for the proponent and the bank. It is unnecessary, therefore, for the court to repeat here what was said above in respect to confidential disclosures. The same applies to this cross motion. In addition to the allegations relating to confidential disclosures the cross motion calls to the attention of the court the changes of attorneys by Mrs. Dix from Kadel, Wilson & Potts, Esqs., to Grover Wlodaver, Esq., and then to Joseph B. Mulholland, Esq., also her change of status from a proponent to a legatee and devisee and that she has given aid and comfort to the contestant. While these actions on the *875 part of Mrs. Dix may be disconcerting they in no way afford a sound basis for the disqualification of her attorneys.
In passing upon both the motion and the cross motion, although not the controlling* factor in this decision, the court takes cognizance of the length of time that has elapsed between the retention of the attorneys for each of the parties and the making of these applications. (Matter of Huie, 2 A D 2d 163, 165.)
For the reasons herein stated the court, therefore, denies both the motion to disqualify the attorneys for the proponent and the temporary administrator, and the cross motion to disqualify the attorney of record for Elynor M. Dix and his counsel.
Submit order on notice accordingly.